E. M. CHERRY, et ux., v. D. J. HEFFERNAN and Ross WILLIAMS, as Judges of the Civil Court of Record, Dade County, and W. Cecil Watson, as Clerk of the Civil Court of Record, Dade County; IVES DAIRY COMPANY, a Florida Corporation; COY McMAHON and AETNA CASUALTY AND SURETY COMPANY, a Corporation.

182 So. 427.
Division A.
Opinion Filed April 9, 1938.
Rehearing Denied July 14, 1938.

Casey, *Walton & Spain, Dubose & Rhudy* and *Thos. V. McCoul,* for Plaintiffs;

*Blackwell & Walker,* for Defendants.

TERRELL, J.—The plaintiffs, E. M. Cherry and Lena Robertson Cherry, are residents of Scotland Neck, North Carolina. The defendants, Coy McMahon and Ives Dairy Company, a Florida Corporation, are residents of Florida. In August, 1937, while the Cherries were temporarily in Florida operating their automobile along the Federal highway in Dade County, they collided with a milk truck of Ives Dairy Company driven by Coy McMahon. The Cherries were injured and their automobile was damaged. The milk truck was also damaged and Coy McMahon was in-

jured. The Cherries soon after returned to their home in North Carolina.

In October, 1937, the Cherries filed a common law action in the Circuit Court of Dade County against Ives Dairy Company, which was in November, 1937, dismissed and a new action was brought by the same plaintiffs against the same defendant in the United States District Court for the Southern District of Florida laying damages in the sum of $50,000.00.

Ives Dairy Company then brought a common law action against the Cherries for the benefit of itself, Coy McMahon, and its Workmen's Compensation Insurance Carrier, Aetna Casualty and Surety Company. The Cherries, being non-residents, service was made on them as provided by Chapter 17254, Acts of 1935, that is to say, by serving the summons *ad respondendum* on the Secretary of State, who was paid the statutory fee of $2.00, and the plaintiff, through its counsel, forwarding from Miami, Florida, on December 11, 1937, in registered air mail, a letter addressed to E. M. Cherry and Lena Robertson Cherry at their residence in Scotland Neck, North Carolina, with return receipt requested, said letter containing a copy of the summons *ad respondendum,* a copy of the certificate of Honorable R. A. Gray, Secretary of State, to the effect that he had received the statutory fee, had been duly served with notice of the institution of the action and the service of the summons *ad respondendum* on him, which registered letter the Cherries, as defendants, refused to accept and having been so refused, it was returned to counsel for Ives Dairy Company endorsed by the Post Office Department "refused" and it was thereupon filed with the case papers in the office of the Clerk of the Civil Court of Record of Dade County.

The said registered letter having been "refused," the Judge of the Civil Court of Record of Dade County entered

an order December 24, 1937, requiring the Cherries to enter their appearance on the Rule Day in January, 1938, and upon their failure or refusal to do so, a default would be entered against them. The Cherries forthwith applied. to this Court for writ of prohibition to restrain the plain-tiffs, the Judges of the Civil Court of Record for Dade County and its Clerk, from entering or causing to be entered, any orders of any nature whatsoever in the cause pending therein. A rule *nisi* was granted, a motion to vacate which we now are confronted with.

The motion to vacate the rule *nisi* is grounded on the charge that the State is a necessary party to prohibition, that a certified transcript of the record of the cause in the Civil Court of Record was not attached to the suggestion for prohibition and that it affirmatively appears that the provisions of Chapter 17254, Acts of 1935, were not substantially complied with by Ives Dairy Company in their attempt to serve process upon the Cherries and consequently the order entered by the Civil Court of Record requiring the Cherries to file their appearance under penalty of default was not within its jurisdiction to enter.

The State is not a necessary party to a proceeding in prohibition. Section 5450, Compiled General Laws of 1927; Frederick, County Solicitor, v. Rowe, Judge, 105 Fla. 193, 140 So. 915. It affirmatively appears that a certified transcript of the proceedings in the Civil Court of Record of Dade County is attached to the suggestion for writ of prohibition.

As to the service, Chapter 17254, Acts of 1935, provides for constructive or substituted service on non-resident owners, drivers, operators, agents of them, or those permitting or having motor vehicles driven for or by them in the State of Florida. When such persons accept the privilege of the public highways of the State, said acceptance

shall be equivalent to the appointment by him or them of the Secretary of State as their agent upon whom may be served all process in any action or proceeding against them growing out of any accident or collision in which they may be involved while operating their automobile on the public roads of this State.

Services of such process shall be made by leaving a copy including a fee of two dollars with the Secretary of State and may be served on the defendant in the following manner: (1) Notice of the service and copy of the process mailed and registered by the plaintiff or his attorney to defendant and defendant's return receipt and affidavit of the plaintiff or his attorney of compliance filed with the papers in the case on or before the return day of the process or within such time as the Court may allow; (2) Such notice and copy may be served upon the defendant, if found within the State by an officer duly qualified to serve legal process; (3) If found without the State, by a Sheriff or Deputy Sheriff of any county of this State; (4) By any duly constituted public officer qualified to serve like process in the State or jurisdiction where the defendant is found and the officer's return showing such service to have been made filed in the case on or before the return day of the process or within such time as the Court may allow.

It is not contended that any of these methods of service were attempted except the first and petitioners contend that the service so made was insufficient to give the Court jurisdiction because no return receipt has been filed in the Civil Court of Record of Dade County showing delivery of the service and notice by registered mail to the defendant as the Act requires. To support this contention, petitioners rely on State, *ex rel.* Palmer, v. Gray, 92 Fla. 1123, 111 So. 242; Standley v. Arnow, 13 Fla. 361; Creadick v. Keller, 33 Del. 169, 160 Atl. 909; Dwyer v. Shalck, 248 N. Y.

355; Spearman v. Stover, (La. App.), 170 So. 259; and Am. Jur. Automobiles, Sec. 591.

These decisions hold that statutes providing for constructive or substituted service on non-residents are in derogation of common rights and must be strictly construed. They provide a means for giving notice to and for securing jurisdiction over the parties and classes described and being so, the steps required to be taken must be substantially complied with. It was never contemplated, however, that a non-resident could employ the terms of the Act to defeat its purpose.

The purpose of the Act was to give the classes named therein notice of any action brought against them that they might submit themselves to the jurisdiction of the Court and offer such defense as they may be advised. It is shown here that the terms of the Act in so far as giving notice was required were complied with to the letter. If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served.

Many states have enacted statutes of this kind for the purpose of securing service on automobile operators readily. They have been generally upheld and the service under them held good if there is reasonable probability that the notice was received. Having been returned "refused" and having entered another forum for the purpose of defeating it, it would be ridiculous to assume that it was not received. Wuchter v. Pizzutti, 276 U. S. 13, 48 Sup. Ct. 259, 72 L. Ed. 446; Wax v. Van Marter, 124 Pa. 573, 189 Atl. 537; Creadick v. Keller, 33 Del. 169, 160 Atl. 909.

Even if the service was not otherwise sufficient, when the Cherries came into this Court with their suggestion for prohibition and fail in the effort, this may amount to a gen-

eral appearance and a submission to the jurisdiction of the Court. Rorick, *et al.,* v. Stilwell, *et al.,* 101 Fla. 4, 133 So. 609.

The motion to quash the rule *nisi* is granted.

It is so ordered.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.