### FIDLER v. VICTORY LUMBER CO.
### MORRELL v. VICTORY LUMBER CO.
#### Civ. Nos. 199, 200.

United States District Court
N. D. Florida, Marianna Division.
Oct. 24, 1950.

Isler & Welch, Panama City, Fla., for plaintiffs.

E. Dixie Beggs, and Yonge, Beggs & Lane, all of Pensacola, Fla., Thomas Sale, Panama City, Fla., for defendant.

De VANE, District Judge:

These two cases grow out of the same automobile accident. They were consolidated for trial. Defendant is a foreign

corporation and service was secured upon it in these suits pursuant to the provisions of Sections 47.29 and 47.30, Florida Statutes 1941, F.S.A.

The complaints allege that defendant "owner of a certain 1947 Pontiac Sedan, which said defendant permitted and allowed to be operated by its agent or servant, one R. C. Daniel, along a certain road known as the Wewahitchka-Panama City, Florida highway," and that said servant, R. C. Daniel "was so operating the said automobile in a negligent and careless manner such as is characterized by willful and wanton negligence in the premises * *." Defendant filed motions to dismiss the actions or in lieu thereof to quash the service of process and notice. The grounds for the motions were that R. C. Daniel "was not an agent or servant" at the time of the accident. The motions were supported by affidavits and counter-affidavits were filed supporting the contention of each plaintiff that R. C. Daniel was an agent or servant of defendant. At the hearing on the motions to quash the court held it could not pass upon the issue raised by the motions to quash or dismiss and required defendant to answer the complaints and stated that it would first hear evidence upon the question of whether Daniel was an agent or servant of defendant when operating the automobile of defendant at the time of the accident. This issue came on for hearing before the court on the allegations of the complaints and the answers of defendant. A jury was waived and the court heard the testimony of the respective parties on the issue, defendant bearing the burden of proof thereon.

The evidence disclosed that defendant was the owner of the automobile in question and that it was driven to Florida by Eugene Torrance, President of defendant, the day prior to the accident. Torrance drove to a tourist camp approximately nine miles north of Wewahitchka on the Blountstown highway and upon arrival at the tourist camp started out on a drinking spree. The manager of the tourist camp testified that Torrance had done this periodically over a number of years. He testified that the following morning Torrance was intoxicated, although he was able to walk. He testified further that while Torrance was in the dining room at breakfast time he was approached by Bessie Fidler, a waitress at the dining room, who requested him to take her to see her Mother in Panama City; that Torrance informed her he could not drive his automobile in his then intoxicated condition but if she would drive the car herself or get someone else to do it she could use the automobile for the purpose of her trip to visit her Mother that day. She accepted the offer and drove the automobile herself. The testimony shows that Torrance accompanied her, got in the automobile and lay down on the back seat; that he rode on the back seat throughout the day and had nothing whatever to do with the operation of the automobile.

The evidence further shows that Bessie Fidler, at different times and places during the day, picked up other members of her family. The evidence also shows that Torrance not only provided the necessary intoxicating liquors to satisfy his thirst during the day, but that he bought intoxicating liquors for other members of the party. About Noon Bessie Fidler became sufficiently intoxicated that she was afraid to drive the automobile further and she induced R. C. Daniel, a friend of hers, to join them. There is some dispute in the evidence whether she willingly surrendered the operation of the automobile to him after he joined her or whether he merely took it over because of her intoxicated condition, but this conflict in the testimony is not of any material consequence in disposing of the main question before the court. The parties are in agreement that Torrance and Daniel were not acquainted; that Daniel was a friend of Bessie Fidler; and that he joined the party solely on the invitation of Bessie Fidler. Daniel denies he was driving the automobile at the time of the tragic accident in which all occupants of the automobile, save R. C. Daniel and Mary Baxley Morrell, one of the plaintiffs, were killed, but all parties concede that he was.

The statute under which jurisdiction of defendant is asserted in these cases

expressly limits the appointment of the Secretary of State as agent for the acceptance of service of process to those cases wherein the automobile is operated by the nonresident owner, his "servant, employee or agent." This statute is in derogation of the Common Law and must be strictly construed. Wedekind v. McDonald, D.C., 82 F.Supp. 678. Cherry v. Heffernan, 132 Fla. 386, 182 So. 427 and Red Top Cab and Baggage Co. v. Holt, 154 Fla. 77, 16 So.2d 649.

■ The evidence in these cases disclose no facts justifying the court in holding that Daniel was a servant or agent of defendant at the time of the operation of the automobile in question. Its use had been secured by Bessie Fidler for her own business and pleasure and she alone selected or induced Daniel to operate the automobile for the purposes for which she was using it.

■ The 1949 Legislature amended Section 47.29 and broadened its scope so as to make it applicable in cases where nonresidents permit "any motor vehicle owned, or leased, or controlled by them to be operated with their knowledge, permission, acquiescence or consent, within the State of Florida". This amendment became effective April 22, 1949. Acts of Legislature, 1949, Chapter 25003. Although plaintiffs relied upon the provisions of Sections 47.29 and 47.30, Florida Statutes, 1941, F.S.A. in perfecting their services in these cases, nevertheless, they contended at the hearing that the 1949 Amendment, though passed long after the accident and effective probably after the institution of these suits, is applicable to and controlling in these cases. Nothing in the amendment requires that it be applied retroactively and it being the law of Florida that the statute rests upon the principles of agency, Red Top Cab and Baggage Co. v. Holt, supra, it cannot be made retroactive by the court. Hartley v. Utah Construction Co., 9 Cir., 106 F.2d 953.

A Judgment will be entered in conformity with this memorandum decision.