123 So.2d 745 (1960)
Oliver N. LENDSAY, a/k/a Oliver N. Lindsay, Appellant,
v.
Polk F. COTTON and Betty Anne Cotton, his wife individually, Appellees.
No. 60-282.
District Court of Appeal of Florida. Third District.
October 27, 1960.
Charles C. Papy, Jr., Miami, and John Carruthers, II, Coral Gables, for appellant.
Cowart & Dollar and K. Neil Glassford, Miami, for appellees.
HORTON, Chief Judge.
This interlocutory appeal[1] seeks review of an order in a common-law action "finding that the plaintiffs have obtained proper jurisdiction over the defendant," and denying the defendant's motion to dismiss directed to the amended complaint. The amended complaint sought damages as the result of an alleged automobile accident and further alleged that the defendant was a non-resident of the State of Florida and a resident of the State of New Jersey. Service of process was attempted under § 47.30, Fla. Stat., F.S.A., which provides:
"Service of such process shall be made by the plaintiff or his attorney by either leaving a copy of the process with a fee of two dollars in the hands *746 of the secretary of state, or in his office, or by mailing a copy of such process with a fee of two dollars to the secretary of state and such service shall be sufficient service upon a defendant who has appointed the secretary of state as his agent for the service of such process; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow, or that such notice and copy are served upon the defendant, if found within the state, by an officer duly qualified to serve legal process, or, if found without the state, by a sheriff or deputy sheriff of any county of this state or by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found; and the officer's return showing such service to have been made is filed in the case on or before the return day of the process or within such further time as the court may allow. Proof of service of process on the secretary of state shall be by a copy of the notice or said secretary accepting such process." [Emphasis supplied.]
Here, the registered letter sent to the defendant was subsequently returned, marked "unclaimed." Thereafter, an affidavit was filed on behalf of the plaintiffs showing the defendant's failure to claim the registered letter directed to him in compliance with § 47.30, supra.
The appellees here contend that the appellant subjected himself to the jurisdiction of the court by his motion to dismiss the amended complaint to which he did not join a motion to quash process for insufficiency of service thereof. As their only authority, appellees cite the concurring opinion in Dunscombe v. Sayle, Fla. App. 1960, 120 So.2d 802. A concurring opinion has no binding effect as precedent; such an opinion represents only the personal view of the concurring judge and does not constitute the law of the case. Carl's Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789; Ephrem v. Phillips, Fla.App. 1957, 99 So.2d 257; 8 Fla.Jur., Courts, § 165. Although considering this concurring opinion as well as the special concurring opinion in Marine Transport Lines, Inc. v. Green, Fla.App. 1959, 114 So.2d 710, we feel compelled to conclude that a motion to dismiss, as well as a motion to quash, is appropriate to question the trial court's jurisdiction over the appellant upon the grounds of insufficiency of the service of process. Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A.
The remaining question for determination is whether or not the "substitute" service in this case meets the requirement of the quoted statute. Statutes such as the one under consideration, providing for substituted service of process on non-residents, are in derrogation of the common law and must be strictly construed. Cherry v. Heffernan, 132 Fla. 386, 182 So. 427; Red Top Cab & Baggage Co. for Use and Benefit of Fountaine v. Holt, 154 Fla. 77, 16 So.2d 649; Wedekind v. McDonald, D.C., 82 F. Supp. 678; Fidler v. Victory Lumber Co., D.C., 93 F. Supp. 656; Gallant v. McKinney, D.C., 104 F. Supp. 277. The only reported Florida decision touching upon the question under consideration is Cherry v. Heffernan, supra. There, the defendant refused to accept delivery of the registered letter when tendered, thus making strict compliance impossible. Our Supreme Court, in excusing the filing of defendant's return receipt as required by the statute, said [132 Fla. 386, 182 So. 429]:
"The purpose of the act was to give the classes named therein notice of any action brought against them that they *747 might submit themselves to the jurisdiction of the court and offer such defense as they may be advised. It is shown here that the terms of the act in so far as giving notice was required were complied with to the letter. If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served."
The appellees contend that this case controls and argue that notice was properly mailed to the address of the appellant, and that he, the appellant, on his own initiative, refused to claim the registered letter; that several notices were sent to the appellant indicating that the Post Office was holding the registered letter for him, and that his failure to claim this letter was equivalent to a refusal to accept it. We do not agree. The fact that the appellant did not claim the registered letter is susceptible not only to the inference that he refused to do so, but is also susceptible to the inference that he did not then live at the address to which the letter was directed. He did not receive or refuse to receive this letter. As the Supreme Court of Delaware said, when called upon to determine an identical question in the case of Paxson v. Crowson, 8 Terry 114, 47 Del. 114, 87 A.2d 881, 882:
"There was no duty upon him to help the plaintiff complete the service any more than there is a duty upon a resident defendant to go to the Sheriff's office in response to a phone call for the purpose of accepting personal service of a writ. This is not a case where the defendant made it impossible for the plaintiff to comply with the act, for, even after the return of the original letter, the plaintiff could have caused another one to be delivered or tendered to the defendant by sending it special delivery. See Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486."
See White v. March, 147 Me. 63, 83 A.2d 296.
Admittedly the record presented to this court contained exhibits which were not presented to the trial judge at the time of his decision and no motion to strike the improper exhibits was made in this court. Since it is not the practice of this court to consider exhibits or other matters not considered by the trial court, our conclusions are therefore based solely upon those exhibits which were before the trial court. See Tyson v. Aikman, 159 Fla. 273, 31 So.2d 272.
Accordingly, the order appealed is reversed.
Reversed.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Rule 4.2(a), Florida Appellate Rules, 31 F.S.A.