### POLERO v. STEEDMAN.
No. 64-L-2679.

Cricuit Court, Dade County.

March 16, 1965.

Joseph Rosencrantz, Miami Beach, for plaintiff.

Anthony Reinert, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

*Order denying motion to quash substituted service:* This cause arises out of an automobile accident and is before the court upon defendant's motion to quash substituted service under §47.29, Florida Statutes, upon defendant-motorist as a resident of the state of Florida who is concealing his whereabouts. The affidavits and return of service nulla bona afford sufficient proof that defendant is concealing his whereabouts to avoid service of process and the question here is whether there applies in such case, that part of the proviso in §47.*30*, Florida Statutes, with reference to *method* of service requiring not only service upon the secretary of state but the mailing of notice of such service and a copy of the process by registered mail to the defendant, and the defendant's return receipt therefor and affidavit of plaintiff of compliance therewith being filed in the cause (or service of an officer duly qualified). There was no mailing, return receipt or such affidavit here.

Plaintiff contends that where this provision regarding concealment of the defendant is involved (contained only in 47.29) that §47.30 does not come into play at all and the requirements therein do not apply but that the service is solely under §47.29 upon the secretary of state who is there designated as such motorist's agent for service of process. This is not literally true because the method of service even on the secretary of state is in 47.30, but plaintiff's argument may well apply to the other provisions of 47.30 regarding registered mail in a concealment case. Either this must be true or else the legislature neglected to make provision in 47.30 for this situation.

Plaintiff argues that in this particular circumstance, it is a case like that in Cherry v. Heffernan, Fla. 1938, 182 So. 427, wherein the Supreme Court of Florida held that the registered letter to the defendant returned "refused" would not be allowed to defeat service. Justice Terrell in that opinion reasoned that a defendant would not be so allowed to employ the terms of the statute to defeat its purpose. To hold otherwise here would allow a defendant likewise to defeat the purpose of the statute by concealing his whereabouts. Obviously mail could not be sent to a defendant whose whereabouts are unknown, nor could an officer serve him if he cannot be found.

Lendsay v. Cotton, Fla. App. 3 1960, 123 So.2d 745, urged by defendant, does not apply here because the service there attempted was under the provision pertaining to a non-resident whose address was known and where he was not making it impossible (as he is here by concealing himself) for plaintiff to

comply with the statute. The suggestion contained in Lendsay is that in such circumstance the plaintiff could cause another letter " 'to be delivered or tendered to the defendant by sending it special delivery.' See Wise v. Herzog, 72 App. D.C. 335, 114 F. 2d 486". This case therefore logically falls within Cherry v. Heffernan, supra, albeit this holding is an extension and analogy therefrom. Other divisions of this circuit court have denied similar motions to quash. Plaintiff also followed the practice suggested in 13 Fla. Law Review 266 (1960) of notifying defendant's insurance company by letter notice and copy of process and the complaint.

It is ordered accordingly that defendant's motion to quash service is hereby denied and defendant is granted ten days within which to file answer to the complaint herein.