181 So.2d 202 (1965)
Edward C. STEEDMAN, Appellant,
v.
William POLERO, Appellee.
No. 65-399.
District Court of Appeal of Florida. Third District.
December 7, 1965.
Rehearing Denied January 11, 1966.
Dean & Adams and Jeanne Heyward, Miami, for appellant.
Joseph Rosenkrantz, Miami Beach, Julius H. Erstling, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
This is an interlocutory appeal by the defendant in a common law action, from an order denying his motion to quash substituted service which had been effected by serving the Secretary of State on the basis that defendant, a resident of Florida, was concealing his whereabouts.[1]
The trial court's order which stated the circumstances, and in our view correctly determined the legal question involved, was as follows:
"This Cause arises out of an automobile accident and is before the Court upon Defendant's Motion to Quash Substituted Service under Section 47.29, Florida Statutes [F.S.A.], upon Defendant-motorist as a resident of the State of Florida who is concealing his whereabouts. The affidavits and return of service nulla bona afford sufficient proof that defendant is concealing his whereabouts to avoid service of process and the question here is *203 whether there applies in such case, that part of the proviso in Section 47.30, Florida Statutes, with reference to method of service requiring not only service upon the Secretary of State but the mailing of notice of such service and a copy of the process by registered mail to the defendant, and the defendant's return receipt therefor and affidavit of plaintiff of compliance therewith being filed in the cause (or service by an officer duly qualified). There was no mailing, return receipt or such affidavit here.
"Plaintiff contends that where this provision regarding concealment of the defendant is involved (contained only in 47.29) that Section 47.30 does not come into play at all and the requirements therein do not apply but that the service is solely under Section 47.29 upon the Secretary of State who is there designated as such motorist's agent for service of process. This is not literally true because the method of service even on the Secretary of State is in 47.30, but plaintiff's argument may well apply to the other provisions of 47.30 regarding registered mail in a concealment case. Either this must be true or else the Legislature neglected to make provision in 47.30 for this situation.
"Plaintiff argues that in this particular circumstance, it is a case like that in Cherry v. Heffernan, Fla. 1938 [132 Fla. 386], 182 So. 427, wherein the Supreme Court of Florida held that the registered letter to the defendant returned `refused' would not be allowed to defeat service. Justice Terrell in that opinion reasoned that a defendant would not be so allowed to employ the terms of the statute to defeat its purpose. To hold otherwise here would allow a defendant likewise to defeat the purpose of the Statute by concealing his whereabouts. Obviously mail could not be sent to a defendant whose whereabouts are unknown, nor could an officer serve him if he cannot be found.
"Lendsay v. Cotton, Fla.App.3, 1960, 123 So.2d 745 [95 A.L.R.2d 1029], urged by defendant, does not apply here because the service there attempted was under the provision pertaining to a non-resident whose address was known and where he was not making it impossible (as he is here by concealing himself) for plaintiff to comply with the Statute. The suggestion contained in Lendsay is that in such circumstance the plaintiff could cause another letter `"to be delivered or tendered to the defendant by sending it Special Delivery." See Wise v. Herzog, 72 App. D.C. 335, 114 F.2d 486.' This case therefore logically falls within Cherry v. Heffernan, supra, albeit this holding is an extension and analogy therefrom. Other divisions of this Circuit Court have denied similar motions to quash. Plaintiff also followed the practice suggested in 13 Fla.Law Review 266 (1960) of notifying defendant's insurance company by letter notice and copy of process and the complaint.
It is Ordered accordingly that defendant's Motion to Quash Service is hereby denied and defendant is granted ten days within which to file answer to the complaint herein."
In challenging the service based on his alleged concealment of himself, the defendant relied on the contention that the information upon which plaintiff acted was insufficient to establish concealment as a basis for substituted service. The trial judge found to the contrary, and his order comes to us with a presumption of correctness which the appellant has not dispelled. In the trial court the defendant made no affirmative showing that he had not concealed his whereabouts, and failed to disclose where he could be found and served. See Gaddis v. Barnes, 123 Ind. App. 624, 112 N.E.2d 881, 883-884; 71 C.J.S. Pleading § 135c.
Affirmed.
NOTES
[1] Such an interlocutory order is appealable under rule 4.2, F.A.R., 31 F.S.A. Substituted service is authorized by § 47.29, Fla. Stat., F.S.A., on a resident concealing his whereabouts.