190 So.2d 805 (1966)
Josephine ZARCONE and Sam Zarcone, Appellants,
v.
William LESSER and Carolyn Lesser, His Wife, Appellees.
No. 66-436.
District Court of Appeal of Florida. Third District.
October 18, 1966.
*806 Hawkesworth & Kay, Miami, and William F. Sullivan IV, Miami, for appellants.
Shorenstein & Lewis and Arthur J. Berk, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
In a common law action in the civil court of record in Dade County, service of process on the defendants was attempted under § 47.30 Fla. Stat., F.S.A. That statute provides for substituted service on a non-resident owner or operator of a motor vehicle by serving the Secretary of State and forwarding to the defendant, by registered mail, notice of such service and a copy of the process and by filing in the cause (by return day or such extended period as the court may allow) the defendant's return receipt for the registered mail notice and an affidavit of plaintiff or his attorney showing compliance with the service statute; with other provisions not applicable here.
A first attempt at such substituted service was quashed on motion of defendants for failure to fulfill the requirements of the statute. Plaintiffs again sought substituted service under the statute. When return receipts for the registered mail notices to the defendants were not received timely, plaintiffs applied for and obtained an order extending the time for filing the same. Thereafter plaintiffs' attorney filed an affidavit *807 purporting to show compliance with the service statute, which affidavit disclosed that return receipts from defendants were not received, the registered letters forwarded to the defendants having been returned, marked "Unclaimed" by the postal authorities. The trial court, proceeding on the basis of such service, granted default against the defendants for failure to file defensive pleadings within the time required by the rules of practice, and set the cause for trial.
Thereafter, upon learning that the cause had thus proceeded, the non-resident defendants filed a motion to quash the substituted service for failure to comply with § 47.30 Fla. Stat., F.S.A., and coupled therewith a motion to strike the plaintiffs' prior application for extension of time to file the required proofs of service, and simultaneously filed motions to vacate the default and to remove the cause from the trial calendar.
The trial court granted the motion to set aside the default, fixed a time for responsive pleadings of defendants, and removed the cause from the trial calendar. However, the court made no ruling on the merits of defendants' motion to quash service, upon holding that defendant had entered a general appearance. The defendants sued out this interlocutory appeal, as authorized by rule 4.2 F.A.R.
The return of the registered mail notices to the defendants, "Unclaimed," presented a justiciable question as to the validity of the service, under the defendants' motion challenging service. See Lendsay v. Cotton, Fla.App. 1960, 123 So.2d 745, 95 A.L.R.2d 1029.
As pointed out in the Lendsay case, decided by this court, if it should be disclosed on hearing on defendants' motion challenging service that the notices mailed to defendants were returned "Unclaimed" because defendants refused to accept delivery of the registered letters when delivery to them was tendered, the absence of their return receipts would not invalidate the service, and plaintiff would be excused for failure to file return receipts as required by the statute. Cherry v. Heffernan, 132 Fla. 386, 182 So. 427, 429. On the other hand, if the failure of delivery was not due to rejection of the letters by the addressees, and was shown to have resulted from misdirection of the letters or other sufficient cause not chargeable to defendants, the material requirement of the statute for such written notice to the defendants would not have been complied with, in view of the strict construction required to be applied to such service statutes which are in derogation of the common law. See Lendsay v. Cotton, supra, 123 So.2d at pp. 746 and 747.
The appellee concedes that a challenge to the jurisdiction over the person would not be converted into a general appearance by filing therewith a defensive motion going to the merits, such as a motion to dismiss for failure to state a cause of action, but argues that the motions filed in the instant case (to set aside the default and remove the cause from the trial calendar) constituted a general appearance because they are consistent with the court having jurisdiction. The latter are no more consistent with jurisdiction than is a motion to dismiss for insufficiency.
We are unable to agree with the holding of the trial judge that by filing other grounds and motions, defensive in character, with their motion attacking service, the defendants made a general appearance. The rules of practice expressly provide otherwise. The case of Huffman v. Heagy, Fla.App. 1960, 122 So.2d 335, decided by this court is in point, and on authority thereof we reverse the order appealed from. In that case the court said:
"The sole question presented by the appellant is whether the court ruled correctly that the defendant had submitted himself to the jurisdiction of the court when he filed a motion which questioned the jurisdiction of the court over his person and coupled it with other motions *808 which were addressed to the merits of the cause. In the order appealed, the trial judge expressly declined to pass upon the merits of the motion addressed to the jurisdiction of the person of the defendant. The judge failed to apply Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A., which provides: `No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion' and Rule 1.11(g) which provides: `A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him.' State ex rel. Eli Lilly & Company v. Shields, Fla. 1955, 83 So.2d 271; Greenberg v. Greenberg, Fla.App. 1958, 101 So.2d 608."
Whereupon, the order denying appellants motion addressed to jurisdiction is reversed, with directions to the trial to proceed to a determination of said motion on its merits.
Reversed.