ALLEN, Judge.
Appellants have filed an interlocutory appeal which involves process.
The facts giving rise to this appeal took place as a result of an automobile accident, which occurred on June 1, 1960, in Sarasota County, Florida. At the time of the accident defendant-appellants were both residents of Florida. Prior to the filing of the complaint on November 25, 1962, however, defendants removed themselves from Florida and became residents of Kalamazoo, Michigan. Service of process was made on the Secretary of State pursuant to Sections 47.29 and 47.30, Florida Statutes, F.S.A. These statutes set forth the procedure to use when suing a nonresident in an automobile accident case. In compliance with the above statutes, plaintiff-appellee attempted to serve defendants by sending a registered letter to Kalamazoo, Michigan, but was unsuccessful in this attempt.
Plaintiff amended her complaint on April 23, 1963, indicating that the defendants were residents of Columbus, Mississippi. Again plaintiff attempted to perfect service *901 pursuant to the statutes, and once again she failed.
On December 29, 1965, the trial court, sua sponte, entered an order dismissing the case for lack of prosecution. Subsequently, however, an order was entered removing the previous order of dismissal.
On February 20, 1967, plaintiff’s attorney filed an affidavit, along with supporting papers, indicating that he had made a diligent attempt to locate the defendants but that they had concealed their whereabouts so that all efforts to serve them pursuant to § 47.30, Fla.Stats., F.S.A. failed. By using a private investigator the plaintiff’s attorney learned that defendants had moved to Hemet, California. Certified mail addressed to Hemet was forwarded to several other western addresses, but was never claimed. Postal endorsements on the envelopes indicate that the Richardsons were located and given several notices of the certified mail but never claimed it.
On April 7, 1967, the defendants filed a Special Appearance and Motion to Dismiss alleging that plaintiff had never perfected service of process on them, pursuant to §§ 47.29 and 47.30, Fla.Stats., F.S.A., in that they had never received notice of the suit by registered mail. The defendants also contended that there was no return receipt from either of the defendants in the record indicating that they had received such notice, nor was there an affidavit from plaintiff’s attorney indicating that he had served them pursuant to said statutes. The trial court denied this motion on May 8, 1967, and ordered defendants to file an Answer within twenty days from the date of the order. From this order the defendants have appealed to this court, pursuant to F.A.R. 4.2, 31 F.S.A.
Section 47.29(1) provides, in part, the following:
“ * * * [A]ny resident of this state, being the licensed operator or owner of or the lessee, or otherwise, entitled to control any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle either in person, or by or through his, her, or its servants, .agent, or employee, or by person with his, her or its knowledge, acquiescence and consent, within the state make and constitute the secretary of state, his, her, its or their agent for the service of process in any chúl suit or proceeding instituted in the courts of the state against such operator or owner, lessee or other person entitled to control of such motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which such motor vehicle is involved.”
Section 47.30, Fla.Stats., F.S.A., provides for the method of service upon a nonresident and is set forth below.
“47.30 Method of service upon nonresident.
“Service of such process shall be made by the plaintiff or his attorney by either leaving a copy of the process with a fee of two dollars in the hands of the secretary of state, or in his office, or by mailing a copy of such process with a fee of two dollars to the secretary of state and such service shall be sufficient service upon a defendant who has appointed the secretary of state as his agent for the service of such process; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may . allow, or that such notice and copy are served upon the defendant, if found within the state, by an officer duly qualified *902 to serve legal process, or,- if found without the state, by a sheriff or deputy sheriff or any county of this state or by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found; and the officer’s return showing such service to have been made is filed in the case on or before the return day of the process or within such further time as the court may allow. Proof of service of process on the secretary of state shall be by a copy of notice of said secretary accepting such process.”
The appellants and the appellee have each cited the case of Steedman v. Polero, Fla.App.1965, 181 So.2d 202. We feel, however, that the position taken by appellee is the more tenable.
In Steedman, supra, the defendant entered an interlocutory appeal from an order denying his motion to quash substituted service. The secretary of state had been served on the basis that the defendant, a resident of Florida, was concealing his whereabouts. The court held that the statute (F.S. 47.30, F.S.A.), requiring the mailing of notice of such service and a copy of process by registered mail to defendant was not applicable.
We agree with the court in the Steedman case and hold that, on the facts presented in the case sub judice, the proviso in Section 47.30, Fla.Stats., F.S.A., requiring the mailing of notice of service to the defendants and the defendants’ return receipt therefor, does not apply.
The question in the Steedman case was “whether there applies in such case, that part of the proviso in Section 47.30, Florida Statutes, with reference to method of service requiring not only service upon the Secretary of State but the mailing of notice of such service and a copy of the process by registered mail to the defendant, and the defendant’s return receipt thereof and affidavit of plaintiff of compliance therewith being filed in the cause (or service by an officer duly qualified).”
The above quoted question is precisely the point which confronts us on this appeal.
Substituted service had been made on the secretary of state and notice of such service was mailed to the defendants by certified letter, accompanied by a copy of the process. The record discloses that even though defendants received such notice they would not accept the letter.
Plaintiff’s attorney filed an affidavit in the cause setting forth the details of the search and the diligence with which he attempted to locate the defendants. Why, then, did plaintiff not give notice of service to defendants by a duly constituted public officer qualified to serve like process in the state where the defendants were found?
Justice Terrell, speaking for the Supreme Court of Florida, in Cherry v. Heffernan, (1938) 132 Fla. 386, 182 So. 427, 429, answered the question this way:
“ * * * [S]tatutes providing for constructive or substituted service on nonresidents are in derogation of common rights and must be strictly construed. They provide a means for giving notice to and for securing jurisdiction over the parties and classes described, and being so, the steps required to be taken must be substantially complied with. It was never contemplated, however, that a nonresident could employ the terms of the act to defeat its purpose.
“The purpose of the act was to give the classes named therein notice of any action brought against them that they might submit themselves to the jurisdiction of the court an offer such defense as they may be advised. It is shown here that the terms of the act in so far as giving notice was required were complied *903 with to the letter. If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served.
“Many states have enacted statutes of this kind for the purpose of securing service on automobile operators readily. They have been generally upheld and the service under them held good if there is reasonable probability that the notice was received. Having been returned ‘refused’ and having entered another forum for the purpose of defeating it, it would be ridiculous to assume that it was not received. (Citations omitted.)”
The trial court held adversely to the appellants, and rightly so. As pointed out in the Steedman case, supra, the order denying appellants’ motion to dismiss comes to us with a presumption of correctness, which appellants have not dispelled.
The lower court should, therefore, be affirmed.
Affirmed.
LILES, C. J., and HOBSON, J., concur.