216 So.2d 492 (1968)
Manuel GREEN, Appellant,
v.
Eugenie NASHNER, Appellee.
No. 68-794.
District Court of Appeal of Florida. Third District.
December 17, 1968.
*493 Fowler, White, Collins, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellant.
Walter B. Lebowitz, Louis R. Beller, Miami Beach, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The defendant, Manuel Green, brings this interlocutory appeal from an order which denied his motion to quash service of process. The service of process was attempted pursuant to § 48.161, Fla. Stat., F.S.A. under authority of § 48.171, Fla. Stat., F.S.A. At the time the order appealed was entered, these sections were numbered 47.30 and 47.29, respectively, but no difference relevant to this case was caused by the renumbering.
The plaintiff-appellee filed an amended complaint alleging that Manuel Green was a non-resident of the State of Florida. Process was served upon the Secretary of State and two affidavits of plaintiff's counsel were filed. These affidavits reflected that notice of service upon the Secretary of State and a copy of the complaint and summons were mailed to the defendant at a Detroit, Michigan, address. The source of the address is not shown by the affidavits. The affidavits show that the affiant became convinced that the defendant was concealing his whereabouts and that the plaintiff was unable to locate the defendant even after having employed a credit bureau to trace him. The affidavit shows beyond doubt that the attorney for the plaintiff made an adequate search to find the defendant's home address. Attached to the affidavits was a letter containing a notice of service and a copy of the process which was returned unclaimed. There was also a letter from the Superintendent of Mails in Detroit, Michigan, which stated that the occupants of the dwelling at the Detroit address referred to above had no idea where the defendant was and that the defendant had failed to leave a forwarding address.
The defendant-appellant filed a motion to quash urging that the service of process was insufficient under the previously cited sections. The motion was denied and this appeal followed.
The question is whether the affidavits and the attached exhibits are sufficient to demonstrate that the appellant was served with process in accordance with §§ 48.171 and 48.161. We hold that they are not and reverse.
From the record it appears that the appellee failed to show any connection between the defendant and the address to which she chose to send the letter containing process. There may well be such a connection, but where service of process is based upon strict compliance with a statute, strict compliance must be shown. See McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945).
Appellee relies upon our decision in Steedman v. Polero, Fla.App. 1966, 181 So.2d 202, for affirmance of the order denying the motion to quash service of process. That case is not applicable to the case at bar since it dealt with service upon a resident defendant who was concealing himself. In Zarcone v. Lesser, Fla.App. 1966, 190 So.2d 805, we pointed out that "The return of the registered mail notices to the defendants, "Unclaimed," presented a justiciable question as to the validity of the service, under the defendants' motion challenging service." We also pointed out that if the failure of delivery was not caused by a defendant-addressee's rejection of the mail and might have resulted from a cause not chargeable to the defendant, then *494 the statute would not have been complied with. We think that reasoning is applicable here.
The order denying the defendant's motion to quash service is reversed. The cause is remanded for the entry of an order quashing service and for such further proceedings as the trial court may deem proper.
Reversed and remanded with directions.