Raymond M. HEINERT, Plaintiff,

v.

Blanche Ruth JOHNSON and United States Fidelity and Guaranty Co., Defendants.

Raymond M. HEINERT, Plaintiff,

v.

Blanche Ruth JOHNSON, Defendant.

Civ. Nos. 6748, 6637.

United States District Court,
D. Canal Zone,
Balboa Division.

Dec. 1, 1970.

Albert J. Joyce, Jr., and Harry H. Allen, Jr., Balboa, Canal Zone, for plaintiff.

Roy Phillipps, and Guillermo Jurado, Balboa, Canal Zone, for United States Fidelity and Guaranty Co.

No appearance for the defendant, Blanche Ruth Johnson.

### FACTS

CROWE, District Judge.

On November 22nd, 1968, the plaintiff, RAYMOND M. HEINERT, filed a complaint against BLANCHE RUTH JOHNSON, the defendant herein, in CIVIL NO. 6637, and alleged that she operated her vehicle negligently and wrecklessly and caused a violent collision with the Simca automobile owned by plaintiff. The petition alleges that the defendant is a resident of Arraijan, Republic of Panama, although she is an American citizen over the age of 21 years. The plaintiff then caused a summons to be served upon the Assistant Executive Secretary of the Panama Canal Co./C. Z. Government, in compliance with the "long arm" statute which is contained in Title 5, Section 170, of the Canal Zone Code, and provides for service on nonresidents of the Canal Zone by serving the Executive Secretary of the Canal Zone Government.

Thereafter, in attempting to comply with the further provisions of the Code section, the plaintiff, through his attorney, A. J. Joyce, Jr., forwarded a letter through the Canal Zone mails which contained a copy of the summons and complaint to Mrs. Blanche Ruth Johnson, P. O. Box 631, Albrook AFB, Canal Zone. This letter was registered as No. 4234 with return receipt requested, and postmarked November 29th, 1968. The letter was returned to the sender who filed it attached to an affidavit signed by Carolyn M. Sharpe which stated that it was returned by the Postmaster at the Albrook AFB, Canal Zone Post Office on January 2nd, 1969. The face of the envelope was marked "UNCLAIMED" and also there were two notations, the first of which was dated December 18th, 1968 and stated, "SECOND NOTICE NO REPLY TO FIRST NOTICE MAILED", and the second was dated December 30th, 1968 and stated, "THIRD NOTICE".

Attached to the affidavit was a letter to Mr. A. J. Joyce, Jr., Attorney-at-Law, P. O. Box 615, Balboa, Canal Zone, signed by Mr. M. J. Halley, Finance Branch Supt., Albrook AFB Post Office, and the language of that letter is as follows:

"In answer to your letter of 3 January, regarding the enclosed registered letter to Mrs. Ruth Blanche Johnson, Box 631, Albrook AFB, C. Z., you will note that three (3) notices on Forms 3849, beginning with Dec. 2, 1968 were placed in the addressee's box. During this period, ending with the return of the letter on Jan. 2, 1969, no inquiry or attempt to accept the letter was made by the addressee.

"It was noted, during this period, that the notices and all other mail in Box 631 was being picked up at reasonably regular intervals."

Nothing further was done to attempt to effectuate service although the statute requires that the plaintiff mail to the defendant notice of the mailing or refusal by ordinary mail.

The two paragraphs of Title 5, Canal Zone Code, Section 170, that are pertinent are (c) and (d), and they are as follows:

"(c) Service of the process shall be made by delivering a copy of the summons and complaint with a fee of $2 for each nonresident to be served to the executive secretary of the Canal Zone Government and such service shall be a sufficient service on the nonresident subject to compliance

with subsection (d) or (e) of this section."

"(d) A notice of the service on the executive secretary of the Canal Zone Government and a copy of the summons and complaint shall be forthwith sent by or on behalf of the plaintiff to the defendant by registered or certified mail with return receipt requested. The plaintiff shall file with the court the original summons, an affidavit of compliance with this section, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered or certified mail, in accordance with postal rules and customs; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of the mailing or refusal was forthwith sent to the defendant by ordinary mail. If notice of service is mailed to a foreign country, other official proof of delivery of the mail may be filed in case the postal authorities are unable to obtain a return receipt. The foregoing papers shall be filed within 30 days after the return receipt, other official proof of delivery, or original envelope bearing a notation of refusal is received by the plaintiff. Service of process is complete 10 days after such papers are filed. The return receipt or other official proof of delivery shall constitute presumptive evidence that the notice mailed was received by the defendant or a person qualified to receive his registered or certified mail; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent."

The United States Fidelity and Guaranty Company, one of the defendants, has made application to the court under Rule 12 (d) of the Federal Rules of Civil Procedure, to hear and determine before trial an allegation that the default judgment which was entered in Civil No. 6637 be held to be void as the court lacked jurisdiction due to "insufficiency of process".

The first question is whether or not the address used for sending the registered letter was correct. The husband's deposition, taken on May 8, 1969 and of record in Civil No. 6637, reflects on page 5 that he testified that although he and plaintiff, Blanche Ruth Johnson, are husband and wife living together in Arraijan, Republic of Panama, and he has Post Office Box 631 at Albrook AFB, Canal Zone, she has a separate box at "Howard". He testified further that he doesn't know her box number but that "she gets all her own mail there." The United States Fidelity and Guaranty Company Automobile Liability and Physical Damage Policy No. EP-110264, issued to cover the period from September 28, 1968 to December 28, 1968, for Blanche R. Johnson, gives the insured's address as P. O. Box 631, Albrook AFB, C. Z. The letter from Mr. Halley is indicative of the fact that Mrs. Johnson used the Albrook box, as he states in the first paragraph, " * * * three (3) notices on Forms 3849, beginning with Dec. 2, 1968 were placed in the addressee's box."

In the DOMESTIC RELATIONS part of the Canal Zone Code, which has to do with problems between husbands and wives, Title 8, Canal Zone Code, Section 120, paragraph (a), states that the husband may choose any reasonable place or mode of living, and if the wife does not conform it is desertion on her part. The tenor of the Canal Zone law thus is that the address of the husband is the address of the wife.

██ In the absence of other showing to the contrary, therefore, it is held that the address was correct and conforms to the requirements of the statute in spite of the husband's statement. The letter was not marked "REFUSED" but there is considerable question as to whether or not in the Canal Zone this mark would ever be used in the case of registered letters. No hand delivery is made here

as within the continental limits of the United States, and anyone not wishing to receive a letter, which would amount to service of process, as in this case, could always leave the notices of such a letter in his box and eventually the letter would be marked "UNCLAIMED". The statute in the Canal Zone was patterned upon the New York Vehicle and Traffic Law of 1959, where personal delivery of registered letters is had and a definite refusal can be established. It is probable, therefore, that the statute should be redrafted and tailored to fit the unusual circumstances that exist in the Canal Zone.

A proper showing that a letter lies unclaimed after numerous notices such as occurred in this case is probably tantamount to a refusal. But the evidence should be presented in a deposition or oral testimony rather than a mere letter, and the circumstances surrounding whether or not other letters to the defendant had been collected from this same box would be of benefit in establishing that the failure to pick up the notices amounted to a "refusal" of the letter.

The deposition of the husband of the defendant, Jimmie C. Johnson, was taken on May 8, 1969 after default had been entered in Civil No. 6637 on January 30, 1969, and default judgment entered on April 17, 1969 in the sum of $15,600.00. In that deposition, counsel for the plaintiff learned that the box of the husband was disputed as the box of the defendant and steps thereafter could have been taken by the plaintiff to have perfected service by using the Howard Post Office and thus further covered any possibility of having used the wrong address. It is not beyond the scope of imagination to envision a case where the mail was collected by one of the parties, in this case the husband, and for reasons of his own would not want the spouse to know of the registered letter. Therefore, every statutory step should be taken to bring about notice. Further, in action No. 6748 the defendant, Blanche Ruth Johnson, was personally served in

the Canal Zone on May 28, 1969. This service further negates the concealment of whereabouts that is stressed in the Florida cases cited by plaintiff in his brief. The record shows only that the notices were not picked up and the letter was unclaimed, but nothing else appears to substantiate a concealment. Contrary to any effort by her to conceal herself is the condition of the record which reflects that no summons was issued to be served on her personally in CIVIL NO. 6637, her husband's deposition was taken in that case, and she herself was later personally served in the Canal Zone in the companion case, CIVIL NO. 6748.

Plaintiff relies heavily on the Florida law which is similar in many respects to the Canal Zone statute and is recited in Title 6, Section 48.161 of Florida CIVIL PRACTICE AND PROCEDURE. There is no requirement in the Florida law, however, that the plaintiff send a notice of the mailing or refusal to the defendant by "ordinary mail". The plaintiff's counsel filed a photostatic copy of the Florida law in this case and it is noted that under footnote No. 9 on page 255 that: "Where registered letter sent to defendant in an attempt at service of process under this section was subsequently returned marked "unclaimed", the attempted substitute service was insufficient to meet requirements of this section, and did not give the court jurisdiction over defendant. Lendsay v. Cotton, Fla.App., 123 So.2d 745 (1960), 95 A.L.R.2d 1029."

The defendant has also raised the question in his argument as to the authority of Carolyn M. Sharpe to make the affidavit that is required under the statute as there is no showing that she is so authorized. It is known in this court that Carolyn M. Sharpe was the secretary of the attorney for the plaintiff, but she does not recite any authority in her affidavit giving her the right to make it. The language of the Act directing the plaintiff to file with the court an affidavit of compliance establishes that the plaintiff should be the af-

fiant in such cases and I think the position of the defendant is a valid one.

## FINDINGS OF LAW

■ As has been forcefully argued by counsel for the defendant, United States Fidelity and Guaranty Company, in their memorandum filed in Case No. 6748, there is a generally-accepted principle that the substituted service provided for in nonresident motorist statutes is in derogation of the common law and must be strictly construed. These statutes must conform to the constitutional requirements of due process or otherwise such service is void.

So-called "long arm" statutes are very necessary to permit recovery from transient motorists, but when experience dictates that certain methods must be used to notify the motorist when an action is pending against him they must be complied with or otherwise the doors would be open to permit spurious actions to begin against the unwary and default judgments of recovery entered where no action should lie. This would create a great burden upon transient individuals and their insurance companies and as a consequence every care must be taken to see that an opportunity to present a legitimate defense may be offered.

■ Counsel for the plaintiff has argued that the fact that the defendant and the plaintiff went to the insurance company's representative on the day of the accident and discussed the facts of the accident with him was notice of the action. This is not a proper conclusion any more than it could be said that the fact that the accident occurred was sufficient notice of the action.

■ Counsel for the plaintiff has argued further that the reason for the noncompliance with the requirement of the statute that "notice of the mailing or refusal was forthwith sent to the defendant by ordinary mail" was because counsel felt that this was mere "surplusage" and was not necessary. The requirement could, in many cases, be surplusage, but it is another "log on the fire" to ensure that notification of a pending action has been received and is a furtherance of the needs of due process. It might very well be that those who drafted the statute and Congress in its wisdom felt that the failure to have hand delivered registered mail in the Canal Zone called for the additional measure of mailing a notice of the mailing or refusal by ordinary mail and thus further ensure to the defendant the opportunity to learn of the pending action. In this instance, in view of the failure of anyone to pick up the notices in the Albrook box, had plaintiff's counsel been careful enough to have sent letters in conformity with the statute by ordinary mail both to Albrook and Howard, it is believed it would be perfectly proper for this court to hold that service had been completed. In the absence of such a showing, however, the service was incomplete for the plaintiff failed to use the "due diligence" which is so stressed in such cases by not following the demands of the statute. The position of the United States Fidelity and Guaranty Company is sustained, and it is directed that the judgment entered in default in CIVIL NO. 6637 on January 30, 1969, and the judgment for damages thereafter entered on April 17, 1969, in the amount of $15,600.00, be set aside and held to be null and void, and the defendant shall recover his costs herein.

In view of the requirement of Title 4, Canal Zone Code, Section 3552, that a final judgment must be recovered and unsatisfied within 30 days before a civil action may be had against the insurance company, this order will have the effect of dismissing the action against the United States Fidelity and Guaranty Company and the Arrow Insurance Company in CIVIL NO. 6748, and shall be entered in that case as well as in CIVIL NO. 6637.

## CASES IN POINT:

Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565.

Fernandez v. Chamberlin, Fla.App., 201 So.2d 781.

Pesce v. Linaido, Fla.App., 123 So.2d 747.

Kohler v. Derderian, D.C., 187 F.Supp. 173.

Emery Transportation Co. v. Baker, 254 Iowa 744, 119 N.W.2d 272.