285 So.2d 433 (1973)
Donald A. CREWS, Appellant,
v.
Charles R. ROHLFING, Appellee.
No. 73-1143.
District Court of Appeal of Florida, Third District.
November 13, 1973.
Walton, Lantaff, Schroeder, Carson & Wahl, and Calvin F. David, Miami, for appellant.
Thomas L. Ford, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order by the trial court denying appellant's motion to dismiss the complaint for lack of jurisdiction over his person, insufficiency of process and insufficiency of service of process.
Appellant and his insurer were sued by the appellee as a result of a traffic accident in Dade County. At the time of the accident, appellant resided in Dade County. By affidavit, appellee's counsel related that service of process was attempted in Dade County, but returned undelivered on June 25, 1971. An investigation uncovered a "possibility" that appellant was residing in Albany, Georgia. Substituted service was then made upon the secretary of state under the long-arm statute (F.S., Section 48.161, F.S.A.), and a copy of the summons and complaint were mailed to the appellant in Albany by certified mail on October 28, 1971. However, this letter was returned undelivered on November 5, 1971 and was stamped, "Moved, Left No Address." Thereafter, it was learned that appellant held a job in Albany from April 1 to April 28, 1971, when he summarily quit his job. Appellant later moved to dismiss the complaint for lack of jurisdiction over his person, which the trial court denied and gave appellant ten days in which to file his answer.
Appellant argues that the trial court lacked jurisdiction because the evidence *434 does not show that he was concealing his whereabouts or that he rejected the certified letter addressed to him in Albany or refused to claim it. We think there is merit to this contention.
From appellee's affidavit, it is clear that service upon appellant in Albany was attempted some seven months after he left his job there. If fact, service in Dade County was returned unexecuted approximately one month after the time appellant quit his job in Georgia. We do not think that these facts show that appellant was concealing his whereabouts, and is therefore distinguishable from a case which appellee has cited to us, Steedman v. Polero, Fla.App. 1966, 181 So.2d 202.
In addition, as we pointed out in Green v. Nashner, Fla.App. 1968, 216 So.2d 492, if the failure of delivery of process was not caused by the defendant-addressee's rejection of the mail and might have resulted from a cause not chargeable to the defendant, then the statute would not have been complied with and service of process would be insufficient. We stated in Green v. Nasher:
"From the record it appears that the appellee failed to show any connection between the defendant and the address to which she chose to send the letter containing process. There may well be such a connection, but where service of process is based upon strict compliance with a statute, strict compliance must be shown." (Citation omitted.)
The facts in the instant cause are similar to the facts in Green v. Nasher, and we think that case is determinative.
Therefore, for the reasons stated, the order denying the defendant's motion is reversed, and the cause is remanded for the entry of an order quashing service and for such further proceedings as the trial court may deem proper.
Reversed and remanded with directions.