401 So.2d 1163 (1981)
CORTEZ DEVELOPMENT COMPANY, an Ohio Partnership, and Marvin Rosenberg, Trustee, Appellants,
v.
NEW YORK CAPITAL GROUP, INC., Appellee.
Nos. 81-494, 81-558.
District Court of Appeal of Florida, Third District.
August 4, 1981.
*1164 Smathers & Thompson and James W. Crabtree, Miami, for appellants.
Greenfield & Duval, North Miami, and Marvin D. Michaels, Coral Gables, for appellee.
Before HUBBART, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Cortez Development Company and Marvin Rosenberg, defendants below, have brought separate appeals from the trial court's order denying their respective motions to quash the service of process and to dismiss the complaint for insufficiency of service of process. While we have consolidated the appeals upon appellee's motion, the issues are distinct.

I.
Cortez Development Company is an Ohio limited partnership, a general partner of which is Towne Management, Inc. Service of process upon Cortez was effected by personally serving one Michael Sollinger in Clearwater, Florida, who, according to Cortez's Declaration of Condominium recorded in 1979 in the public records of Hillsborough County, Florida, was a vice president of Towne Management, Inc. Facially, the service of process comported with the requirements of Sections 48.061(3) and 48.081, Florida Statutes (1979).[1]
Cortez moved to quash the service of process and dismiss the complaint. It relied on the supporting affidavit of Sollinger, which in essence stated that he was not an officer of Towne Management, Inc., the general partner of Cortez, as of December 1, 1980, when the summons and complaint were served on him.
Even if, arguendo, we were to accept Cortez's argument that service upon one who is not an officer of a general partner at the time service is effected is ineffective to serve the limited partnership, see Country Clubs of Sarasota Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977) (service on former partner ineffective), and Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla. 2d DCA 1965) (service on former corporate officer ineffective), the trial court had before it these facts: (a) in October 1980, upon Cortez's motion, the trial court quashed service of process on different grounds; (b) Sollinger's affidavit did not indicate on what date prior to December 1, 1980, he ceased to be an officer, whether the cessation was bona fide, or the connection, if any, he continued to have with *1165 Towne Management, Inc. or Cortez; (c) the plaintiff had no actual notice, nor could it have been on notice through any available public record, that Sollinger was no longer an officer of the general partner, compare Sunrise Beach, Inc. v. Phillips, supra (holding that service upon former corporate officer who, as the plaintiffs were well aware, was no longer connected with the company when service was effected, was invalid); (d) Sollinger was served at a Clearwater, Florida, address shared by Cortez, Towne Management, Inc. and Towne Management of Florida, Inc., in which latter company Sollinger was an officer as of the time of service; (e) Cortez in fact received notice of the suit from Sollinger promptly enough to allow it to file, within twenty days of service, the motion to dismiss which is the subject matter of this appeal, compare Country Clubs of Sarasota Ltd. v. Zaun Equipment, Inc., supra (holding that although the defendant was estopped to claim that service upon a former partner was ineffective, a default and final judgment entered against the defendant would be set aside where there was no evidence that the defendant knew of the suit until the final judgment was entered); see also Rever v. Lapidus, 151 So.2d 61 (Fla. 3d DCA 1963). From these facts the trial court could have found that the plaintiff justifiably relied on Cortez's recorded Declaration of Condominium when serving Sollinger and that Cortez was estopped to attack as invalid the service of process on Sollinger, Country Clubs of Sarasota Ltd. v. Zaun Equipment, Inc., supra.

II.
Rosenberg fares no better. His sole complaint is that notwithstanding that the certified mail addressed to him was returned by the post office marked "REFUSED," substituted service of process under Section 48.161, Florida Statutes (1979), was invalid in light of his sworn statement that he did not refuse this mail nor instruct anyone to refuse it on his behalf. We hold that the trial court, as the finder of fact, could have completely rejected Rosenberg's exculpatory statement, Cherry v. Heffernan, 132 Fla. 386, 182 So. 427 (1938); Winky's, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1970), or certainly found it unconvincing, Livingston v. Fein, 359 So.2d 25 (Fla. 3d DCA 1978), in light of other evidence before it showing that (a) the address of Rosenberg was correct according to other records and information received from persons at that address, compare Crews v. Rohlfing, 285 So.2d 433 (Fla. 3d DCA 1973); Green v. Nashner, 216 So.2d 492 (Fla. 3d DCA 1968) (no showing of connection between defendant and address to which letter sent); and (b) Rosenberg, in October 1980, had succeeded in quashing an earlier service accepted by another on his behalf at that address.
A refusal to accept delivery excuses the filing of return receipts and further compliance with Section 48.161, Cherry v. Heffernan, supra; Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966). In the present case there was ample evidence from which the trial court could have found that Rosenberg refused delivery and was attempting to avoid service of process. Luckey v. Smathers & Thompson, 343 So.2d 53 (Fla. 3d DCA 1977); Steedman v. Polero, 181 So.2d 202 (Fla. 3d DCA 1966). This is not a case where the letter was returned marked "unclaimed" or "moved  left no address," giving rise to the plausible inference that the defendant was not at the posted address. See Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979); Crews v. Rohlfing, supra; Green v. Nashner, supra; Zarcone v. Lesser, supra; Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960). Instead, the letter was marked "REFUSED," which, combined with evidence pointing to Rosenberg being at the address to which the letter was sent and the prior abortive service upon him, supports the inference that the return of the letter is chargeable to him.
Affirmed.
NOTES
[1] Section 48.061(3) provides that "[p]rocess against a foreign limited partnership shall be served on any general partner found in the state... ." Section 48.081 provides that process against any domestic or foreign corporation may be served, inter alia, on the vice president.