### FLORIDA POWER CORPORATION v. THOMA, et al.
No. 5701.
Circuit Court, Lake County.
December 28, 1971.

W. L. Kirk, Jr., Orlando, for plaintiff.

Lon S. Cornelius, Jr., Orlando, for defendant National Emblem Insurance Co.

John W. Bussey, III, Orlando, for defendants Stafford, Pacific Indemnity Insurance Co., and Fulton.

W. TROY HALL, Jr., Circuit Judge.

A complaint was filed in this action and summonses issued on May 6, 1970. The complaint named as defendants Steve Joseph Thoma, National Emblem Insurance Company, Dolly Stafford, Pacific Indemnity Insurance Company and Edward J. Fulton. Service was perfected on Dolly Stafford, Edward J. Fulton and the two insurance companies, but the process for Steve Joseph Thoma was returned unexecuted.

A motion to dismiss and alternative motion to abate was filed by defendant, National Emblem Insurance Company, on the grounds that said company had no liability to the plaintiff until service was perfected upon its insured, Steve Joseph Thoma. Defendants Dolly Stafford, Pacific Indemnity Insurance Company and Edward J. Fulton, filed answer to the complaint on June 10, 1970.

On August 3, 1970, an alias summons and a pluries summons were issued to Thoma at 118 Indian Creek Road, Verona, Pennsylvania, and 126 Ohio Street, Mansfield, Ohio, respectively. At 11:37 a.m. on August 12, 1970, the secretary of state accepted service of process on behalf of Thoma for the above two summonses. An affidavit was then filed by W. L. Kirk, Jr., on behalf of the plaintiff on August 14, 1970, stating that notice of service had been sent to Thoma at the two aforementioned addresses.

On September 28, 1970, Thomas E. Weikel, sheriff of Richland County, Ohio, received a notice of service of process to be served upon Thoma. Sheriff Weikel's return reported that he was unable to find Thoma within the county.

On February 23, 1971, an order was entered granting the defendant's, National Emblem Insurance Company, motion to abate pending the service of process upon Thoma. On June 8, 1971, a joint stipulation and order was entered granting plaintiff's motion for leave to amend. An amended complaint was filed and summonses were issued by the clerk of the circuit court in and for Lake County, Florida, to Thoma at the following addresses — 227 Kinkle Road, Mansfield, Ohio; 126 Ohio Street, Mansfield, Ohio; 144

West First Street, Mansfield, Ohio; 118 Indian Creek Road, Verona, Pennsylvania; and c/o Ralph's Trailer Park, North Lee Street, Leesburg, Florida.

The above summonses were served upon the secretary of state of Florida on July 26, 1971, pursuant to Florida Statute §48.161. Upon receipt of notice that the secretary of state had been so served, plaintiff sent a notice of service of process to Thoma at each of the aforementioned addresses. When these letters were returned, an affidavit was filed.

On October 8, 1971, plaintiff moved for the court to enter a default, and on October 14, 1971, defendant moved to quash the purported service of process. A hearing was held on these motions on November 1, 1971, and it is this hearing to which this order is directed.

Plaintiff's theory of the case is that it has fully complied with all the requirements of §48.61 relating to a method of substituted service upon a person who conceals his whereabouts. Plaintiff contends that the purpose of §48.161 is to give the classes named therein notice of any action brought against them that they might submit themselves to the jurisdiction of the court and offer such defense as they may be advised. Fernandez v. Chamberlain, 201 So.2d 781 (2d D.C.A. 1967). This burden is met, according to plaintiff, if such facts appear from a consideration of the entire record. *Id* at 784.

It is plaintiff's argument that the affidavit filed by it, and the entire record, are sufficient to show — (1) that Thoma is concealing his whereabouts and avoiding service of process, and (2) that the plaintiff has made such diligent effort to serve process upon him as would give rise to the inference that he either has or should have notice of the pending cause.

Defendant's theory of the case is that the affidavit which plaintiff filed on August 25, 1971, is insufficient to establish that the defendant is avoiding service of process by concealing his whereabouts and is also insufficient to show the diligent effort required in effecting service of process upon Thoma. Defendant relies on Green v. Nasher, 216 So.2d 492 (3d D.C.A. 1968), and Fernandez v. Chamberlain, 201 So.2d 781 (2d D.C.A. 1967).

There are no factual issues involved here. The sole question is a question of law, i.e., whether the affidavit filed by the plaintiff in this cause is sufficient to comply with the requirements of §48.161 relating to substituted service upon a person who conceals his whereabouts.

*Conclusions of the court*

The affidavit in compliance filed on August 25, 1971, by counsel for the plaintiff is sufficient to establish the following facts —

That the plaintiff did on May 11, 1970, seek through the sheriff of Lake County to obtain service upon the defendant Thoma at his last known address in Florida, Ralph's Trailer Park, Leesburg, Florida. The sheriff was unable to make service of process upon the defendant in Lake County.

That on or about August 20, 1970, plaintiff employed a retail credit company to locate Thoma. On or about August 31, 1970, plaintiff's attorney received a report from the retail credit company saying that they were unable to contact or locate Thoma.

That on or about September 15, 1970, the attorney for the plaintiff received notice that Thoma was residing at 224 Kinkle Road, Mansfield, Ohio, c/o Roger C. Metcalf, his son-in-law. Plaintiff's attorney attempted to secure service upon Thoma at this address, and was unsuccessful.

That on or about November 10, 1970, the attorney for the plaintiff requested another retail credit investigation to locate Thoma, and on or about November 21, 1970, he received a report that the retail credit company was unable to locate Thoma in Mansfield, Ohio. Another report on November 30, 1970, indicated an inability to locate a forwarding address for Thoma.

That on or about March 1, 1971, plaintiff's attorney requested yet another retail credit investigation to locate Thoma, and on or about March 24, 1971, he received a report from the retail credit company that they were unable to locate Thoma in Mansfield, Ohio, and that the last known address was 224 Kinkle Road, Mansfield, Ohio.

That on September 25, 1970, plaintiff attempted to serve notice of service of process upon Thoma through the sheriff of Richland County, Ohio. Said Sheriff was unable to serve such notice.

That on or about July 28, 1971, plaintiff's attorney sent notice of service of process by certified mail, return receipt requested, to defendant, addressed as follows —

Mr. Steve Joseph Thoma
c/o Ralph's Trailer Park
North Lee Street
Leesburg, Florida
Mr. Steve Joseph Thoma
118 Indian Creek Road
Verona, Pennsylvania

Mr. Steve Joseph Thoma
126 Ohio Street
Mansfield, Ohio

Mr. Steve Joseph Thoma
144 West First Street
Mansfield, Ohio

Mr. Steve Joseph Thoma
224 Kinkel Road
Mansfield, Ohio

That all of the above certified letters were returned either unclaimed or refused. One such letter addressed to Thoma at 118 Indian Creek Road, Verona, Pennsylvania, was stamped on the face upon its return "refused." However, written on the face of this envelope was also the word "moved." This was the only letter returned marked "refused."

This court finds that the affidavit filed is sufficient to establish that the defendant Thoma is avoiding service of process by concealing his whereabouts. It also finds, from an examination of the affidavit of compliance and the entire record, that the plaintiff has made such diligent effort as to comply with the requirements of §48.161.

In Green v. Nasher, 216 So.2d 492 (3d D.C.A. Fla. 1968), the court was faced with a similar question of whether or not a nonresident was concealing his whereabouts within the meaning of what is now §48.161. In *Green,* the affidavit showed—(1) that the affiant had become convinced that the defendant was concealing his whereabouts; (2) that the plaintiff was unable to locate the defendant even after having employed a credit bureau to trace him; (3) that the attorney for the plaintiff made an adequate search to find the defendant's home address; and (4) that a letter containing a notice of service and a copy of the process was returned unclaimed. There was also a letter from the superintendent of mails in Detroit, Michigan, which stated that the occupants of the dwelling at the Detroit address, to which the notice of service had been sent, had no idea where the defendant was and that the defendant had failed to leave a forwarding address.

In *Green,* the court held the affidavits and the attached exhibits insufficient to demonstrate that the appellant was served with process under provisions of §48.161. The court reasoned that the plaintiff had failed to show any connection between the defendant and the address to which she chose to send the letter containing process. The court felt that the mere fact that the letter had been returned marked "unclaimed" was insufficient to establish any connection between the defendant and the address to which the letter was sent.

This court agrees that the plaintiff, in order to comply with the provisions of §48.161, must show some connection between the defendant and the address to which the letter containing process is sent. This court also feels, however, that such a connection is shown by the affidavit in the instant case.

Plaintiff's attorney received word, through a retail credit investigation, that the defendant's last known address in Florida was Ralph's Trailer Park in Leesburg. In reliance upon such information, plaintiff's attorney mailed notice of service and a copy of the process to said address. Also, after receiving reports that the defendant might be found at various other addresses, plaintiff's attorney mailed notice of service and a copy of process to all such addresses.

One in particular is noteworthy. On or about September 15, 1970, plaintiff's attorney received notice that Thoma was residing at 224 Kinkle Road, Mansfield, Ohio, c/o Roger C. Metcalf, his son-in-law. Plaintiff's attorney sent notice of service and a copy of process to this address. This letter was returned checked "moved, not forwardable." The notation, "moved", must be distinguished from a letter returned and marked "unclaimed." The notation "moved" indicates at least that the defendant was at one time at the address to which the service of process was sent. This, coupled with the fact that this is the address of the defendant's son-in-law, would certainly indicate a connection between the defendant and said address. The envelopes of other certified letters, all of which are attached to the plaintiff's affidavit, also bear the notation "moved." These letters bear the following addresses —

Mr. Steve Joseph Thoma
118 Indian Creek Road
Verona, Pennsylvania
Mr. Steve Joseph Thoma
144 West First Street
Mansfield, Ohio
Mr. Steve Joseph Thoma
c/o Ralph's Trailer Park
North Lee Street
Leesburg, Florida

Another letter addressed to the defendant at 126 Ohio Street, Mansfield, Ohio, was actually forwarded to 224 Kinkle Road, Mansfield, Ohio. This, too, would bear witness to the existence of a connection between the defendant and the address to which the letter containing notice and process were sent.

In summary, the affidavit of the plaintiff and the entire record demonstrate a situation wherein, because the defendant is constantly

164

moving to conceal his whereabouts, the plaintiff is always one step behind in actually putting a letter containing notice and process into his hands. Certainly, the record reveals that the plaintiff's attorney has made diligent effort to actually so place an envelope in the defendant's hands. It is the opinion of this court that this is exactly the situation with which §48.161 was intended to deal. This court finds that the plaintiff has made diligent effort to locate the defendant and has complied with the spirit and letter of §48.161.

It is ordered that the plaintiff's motion for default be granted pursuant to Florida Rule of Civil Procedure 1.500, and that the defendant, National Emblem Insurance Company, be given ten days from the date of this order within which to file responsive pleadings.

It is further ordered that the motion to quash purported service of process, by the defendant, National Emblem Insurance Company, is denied.