FRANCIS GOERTNER v. ELIZABETH W. GARDINER.

170 So. 112.
Division B.
Opinion Filed October 16, 1936.

*Norris McElya,* for Appellant;

*Mitchell D. Price* and *Charles W. Zaring,* for Appellee.

PER CURIAM.—This is a statutory proceeding to contest the Will of Francis Gardiner, a full statement of the facts out of which it grew will be found in Gardiner v. Goertner, 110 Fla. 377, 149 So. 186. The ground of attack is undue influence and lack of mental capacity to make a Will.

In the former appeal we held that there was insufficient showing of lack of mental capacity to execute the Will, but we reversed the cause because the proof was not satisfactory as to undue influence.

On a retrial, undue influence being the sole issue, the probate judge found the legal evidence insufficient to warrant an order revoking the probate of the Will. On appeal to the Circuit Court the judgment of the probate court was first reversed, but on petition for rehearing the judgment of reversal was set aside and the judgment of the probate court affirmed. This appeal is from the latter decree.

The sole question with which we are confronted is whether or not the appellant carried the burden imposed on him of

showing that the Will was procured through undue influence over the testator.

In Gardiner v. Goertner, *supra,* we held that undue influence to justify setting aside a Will must be such as to dethrone testator's free agency and to render his act the product of another's will. Hamilton v. Morgan, 93 Fla. 311, 112 So. 80; Page on *Wills,* Par. 187; 28 R. C. L. 140.

The Chancellor found that there was no positive or direct testimony in the record showing the exercise of undue influence on the testator when he executed his Will. Counsel for appellant admits this finding, but contends that there were facts shown by the record from which an inference of undue influence might be drawn.

It is contended, in other words, that undue influence may be inferred from the fact that appellee, being the wife of the testator, occupied a confidential relation to him, that the record shows that a memorandum from which the Will was prepared was in the handwriting of appellee, that appellee broke up the home of the testator and Ethel Barrett, that appellee persuaded the testator against his will to build a new home, and that by the Will brought in question the testator made a different disposition of his property from that made in other Wills previously executed.

The appellant was the son of the testator by a former wife, and the appellee was the surviving wife of the testator. In the law governing Will contests there is no such thing as a confidential relation between husband and wife, such a relation has reference to that existing between guardian and ward, doctor and patient, preacher and parishioner, lawyer and client, and agent and principal. As between husband and wife no presumption of undue influence flows from that relation.

The mere fact that a memorandum of the Will was pre-

pared by and was in the handwriting of the appellee fails to show undue influence when it is shown that the testator was ill and unable to write, that he dictated the memorandum to appellee, and knew the contents of it. It was further shown that the memorandum was in keeping with an expressed previous intention, that the Will was read to and approved by him, and was regularly executed by him after hearing it read.

In the state of the record we see no basis for an inference of undue influence from the charge that appellee persuaded the testator to build a new home against his will. The evidence on this as on other points was in conflict, but there is ample showing that the idea of a new home was the concept of the testator, that he was a man of decided views, and that appellee had little or nothing to do with controlling him in this matter.

Likewise we see no comfort to appellant from the fact that the Will brought in question made a different disposition of the testator's estate from that made in previous Wills executed by him. About the only positive inference that may be drawn from the record is that the testator was ardently sexed and had a flair for engaging in "affairs" with the opposite sex something after the fashion of Henry the Eighth. He was a man of substance and prone to be generous with the object of his "affair" if approached on the subject before his ardor cooled. He showed his generosity by making provision for all in turn by Will or gift. Numerous Wills and Codicils were made naming wives and other beneficiaries too numerous to burden this opinion with, but each time the focus of his affection was shifted, changes in beneficiaries were indicated. To profit by such changes appellant must show that they were induced through

fraud and overreaching. Such a showing does not conclusively appear.

So long as not contrary to law or public policy courts are bound to uphold the provisions of a Will. Hamilton v. Morgan, 93 Fla. 311, 112 So. 80. The record in this case has been carefully examined and we fail to find sufficient showing to reverse the Chancellor.

His judgment is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, P. J., and DAVIS, J. J., dissent.