LOUISE H. WARTMANN, ELIZABETH ANN WARTMANN, and LOUISE H. WARTMANN, as Guardian of the Person and estate of Mildred Alice Wartmann and Mary Louise Wartmann, v. ELTA BURLESON and WILTON E. JOHNSON.

190 So. 789
Division A
Opinion Filed July 25, 1939

H. M. Hampton, F. R. Hocker and D. Niel Ferguson, S. Whitehurst's Sons, for Appellants;

Wallace E. Sturgis, for Appellees.

PER CURIAM.—This is a proceeding contesting a will. It appears that Mrs. Ada B. Wartmann, of Citra, Florida, executed her last will leaving the bulk of her estate to two nieces and a nephew. Appellees were designated as her executors. The will was executed in December, 1934, and a codicil was added in June, 1937, which reaffirmed the will but made a slight change in disposition of part of the estate.

Appellants are granddaughters of the testatrix and protested the probate of the will on the ground that it was procured through undue influence. Answer was filed to the protest by the proponents of the will, testimony was taken, and on final hearing, the probate judge dismissed the protest and admitted the will to probate. The judgment of the probate court was affirmed by the circuit court and this appeal was prosecuted.

It is conceded that by reason of age, ill health, and be-

reavement from the death of her husband and dislike for her daughter-in-law, mother of appellants, the testatrix had incurred a hatred and dislike for her grandchildren, appellants in this case, which became so intense that it caused her to make an unnatural will virtually excluding them from participation in the distribution of her estate.

The fact that collateral relatives were preferred to the grandchildren may be unusual and unnatural but the testatrix had a right to make such a disposition of her property and unless it be shown that she was mentally incapacitated in some way, the will will not be set aside for this reason. The evidence must show conclusively that she was unbalanced or afflicted with monomania of some kind.

The evidence in this case has been examined and there is no positive proof of undue influence; in fact, practically all the evidence is directed to the mental capacity of the testatrix. The burden is on the contestants who charge undue influence to prove it, but when a confidential relationship between the testatrix and the principal beneficiary is shown, a presumption of undue influence arises and the burden shifts to the proponent to prove that undue influence was not exercised.

Mere confidential relations between the testator and the legatee are not alone sufficient to raise a presumption of undue influence so as to impose the burden of proof on the latter. Neither will affection or attachment suffice but the will and mind of the testatrix must be overcome by force, fear, coercion, or overpersuasion.

There is evidence that shows that the testatrix had ill will toward her daughter-in-law and that her grandchildren sometimes irritated her, but it is far from showing that she had ill feeling for them that would cause her to cut them off from her estate.

The weight of the evidence is to the effect that Mrs. Wartmann considered and made her will deliberately and without assistance or coercion from any one. It was made in 1934 and in 1937, more than three years later, she executed a codicil in which she reaffirmed the purpose in her mind for making the will as she did.

On the question of her mental capacity to execute a will, the decided weight of the evidence leaves no doubt. Her family physician, her attorney, who drew the will, and others who knew her well and intimately for years, testified positively as to this and there is little or no evidence which shows that the relations of the testatrix and Mrs. Rothschilds, the beneficiary, was such as to put the burden of proof of undue influence on the latter.

The judgment finds ample support in the record and is affirmed.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

JUSTICES WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.