MRS. GRACE TYSON v. CHARLES R. AIKMAN and NORA AIK-MAN.

31 So. (2nd) 272                                    June   Term, 1947
July 11, 1947                                       Special Division A

J. M. & H. P. Sapp, for appellant.

E. C. Boswell, for appellees.

WILLIAMS, Associate Justice:

The appellant, Tyson, as plaintiff brought her bill to foreclose and enforce a contract for sale of real property entered

into by her as vendor with the appellees, Aikmans, as purchasers. Defendant answered and at the final hearing upon the bill answer and testimony the Chancellor dismissed the bill.

The vendor promised that upon the payment of the purchase price, that she would at that time "issue to the second parties, their heirs or assigns, a good and sufficient warranty deed free from all incumbrance to the above property." The time for payment according to the original terms of the contract has long passed but the parties agreed that further payments might be deferred until plaintiff could perfect her title.

Before bringing suit plaintiff tendered a warranty deed and demanded payment. Payment was refused upon the ground that the tender was not sufficient.

It appears that upon the execution of the contract of sale that the plaintiff placed the defendant in possession.

There are two chains of title to the land in question both of which begin at a common source. The first chain of title begins from a deed from Sowell and wife dated February 19, 1920, to Brown Turpentine Company. This chain of title culminates in Grace S. Tyson except for a lease to the Phillips Petroleum Company based on such title. This chain of title was the record paper title outstanding on November 27, 1942, when the contract of sale between plaintiff and defendant was executed but since transferred to plaintiff except for the oil lease.

The second chain of title is a deed from Sowel and wife to Charles Henry Tyson, dated September 29, 1938, which culminates in the said Charles Henry Tyson, unless he be dead. The plaintiff contracted with the defendants as "Mrs. Grace Tyson, (widow of Charles Henry Tyson)." The record is silent on matters relating to the administration of his estate.

It also appears that the possession of the land has at all times been in possession of the vendor or her predecessors in the chain of title commencing in September 1938 and referred to above as the "second chain."

The rights of the Phillips Petroleum Company against the land are extremely doubtful, however, its lease does continue a cloud upon the title under the facts established. Phillips

Petroleum Company is not a party to the suit. Whether the lease constituted a cloud or incumbrance could only be finally established as against it by making the Oil Company a party or by documentary proof. It may have been only a cloud.

Appellant assigns as error that the Chancellor erred by his final decree dismissing the bill at plaintiff's cost and presents as a question in argument in support of such assignment the question, "Under the pleadings, prayer of the bill and proof in this case, should the equities of the respective parties have been decreed by the court of equity?"

The effect of a dismissal upon a hearing has been well stated as follows:

" . . . Where a full hearing has been had, a cause should not be dismissed without prejudice, against the wishes of both parties. It is of great importance, where a bill is dismissed on the hearing, without prejudice, to bring a suit at law to have the same appear in the decree. The presumption is, where a bill is dismissed upon the hearing, that there was a final determination of the cause, and therefore that no new action can be brought."—Fletcher's Equity Pleading and Practice, 714. See also 17 Am. Jur. page 93.

Since there were some equities in favor of the plaintiff which as yet are not settled and since a final decree of dismissal is presumed to be upon the merits and, if so, is subject to be plead as res judicata in event of a new suit, it was error not to dismiss said cause "without prejudice." To have done so would have preserved plaintiff's right.

Appellant has sought to offer in evidence after appeal matters which might have established his equities against the defendant-appellee but it is not the practice to receive new evidence on appeal. An appeal is to consider errors alleged to have been committed by the Chancellor or trial judge.

It is ordered that the decree appealed be reversed with directions to enter a final decree of dismissal "without prejudice" or to receive new evidence going to the merits or to allow supplemental proceedings, which if found sufficient to justify a final decree on the merits, the Chancellor may in that event proceed accordingly.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.