48 So.2d 732 (1950)
In re PALMER'S ESTATE.
Supreme Court of Florida, Division A.
November 14, 1950.
Clyde Trammell, West Palm Beach, for appellant.
Gedney, Johnston & Lilienthal, West Palm Beach, for appellee.
ROBERTS, Justice.
Stella Anne Palmer, a widow, died on March 30, 1949, and her will was filed for probate on April 11, 1949, by Fred Hope, Sr., the appellant, who was the chief beneficiary under the will and was named as executor thereof. The will was admitted to probate and letters testamentary issued to the appellant by the County Judge. Shortly thereafter, on April 16, a petition for the revocation of the probate of the will was filed by a brother of the testatrix, alleging that testatrix lacked sufficient mental capacity to execute a will, which petition was subsequently amended to allege, additionally, that the appellant, while occupying a confidential relationship with testatrix, had exercised undue influence over the testatrix, and that the execution of the will was the result of such undue influence. After hearing the voluminous testimony adduced by the parties, the County Judge entered an order revoking the probate and decreeing the will to be void and of no effect. This order was affirmed by the Circuit Judge upon appeal, and we now *733 review the order of the Circuit Judge affirming the Order of Revocation entered by the County Judge.
In his order, the County Judge made, in substance, the following findings of fact and law: that the mental condition of the testatrix had been impaired due to the excessive use of alcohol; that the appellant occupied a confidential relationship with the testatrix; that he actively participated in the drafting and execution of the will, was the chief beneficiary thereunder, and kept it exclusively in his possession until after the death of the testatrix; that, under such circumstances, there was a presumption of undue influence on the part of appellant, and therefore that the burden was upon appellant, as the proponent of the will, to produce evidence "which at least balances that of the contestant, to show that the will was executed freely and without his influence;" and that the appellant had failed to carry this burden.
There was ample evidence to sustain the foregoing findings of fact; and, except in those jurisdictions which hold that undue influence is never presumed, the combination of such facts and circumstances would be universally held to give rise to a presumption that undue influence was exerted on the testatrix. See Redfearn on Wills and Administrations of Estates in Florida, Section 52, pp. 64 and 65; 57 Am.Jur., pp. 279 et seq.; 68 C.J., pp. 758 et seq.; and see also the annotation in 154 A.L.R. at page 583. It then became the burden of appellant to prove the absence of undue influence on his part. Wartmann v. Burleson, 139 Fla. 458, 190 So. 789; Watts v. Newport, 149 Fla. 181, 6 So.2d 829; In re Peters' Estate, 155 Fla. 453, 20 So.2d 487, 490. From our examination of the record, we are unable to say that there was error in holding that the appellant failed to sustain this burden.
Accordingly, the order appealed from should be and it is hereby
Affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.