108 So.2d 629 (1959)
In re Estate of Kinney Kellum KNIGHT.
Dexter Lowell KNIGHT, Appellant,
v.
Esther Helen KNIGHT et al., Appellees.
No. A-179.
District Court of Appeal of Florida. First District.
January 29, 1959.
Rehearing Denied February 19, 1959.
W.L. Wadsworth, Bunnell, and Upchurch, Melton & Upchurch, St. Augustine, for appellant.
*630 Adams & Judge, Daytona Beach, for appellees.
STURGIS, Chief Judge.
This is an appeal from a summary judgment of the probate court sustaining the will of Kinney Kellum Knight, deceased, probate of which was contested by his son, Dexter Lowell Knight, the appellant (petitioner below), on the grounds: First, that testator lacked testamentary capacity; second, that the will was the product of undue influence exercised upon him by Esther Helen Knight, his widow, and by W.E. Knight, his brother, the appellees (respondents below); and third, that it was not executed in statutory form.
There is no proof supporting the first and third grounds of the contest and we will not discuss them.
The proofs presented on the motion for summary judgment are such that were it not for the confidential relation and participation by testator's brother, W.E. Knight, in the preparation of the will, as to which we will elaborate, the summary judgment would not be disturbed.
The record shows that in January of 1955 testator developed trouble in the region of his neck resulting in a diagnosis of cancer, for which he was operated on two occasions at Duke University in North Carolina. In June of 1956, following these operations, he suffered injuries from an automobile accident while en route to the Duke University hospital for a physical checkup, and was hospitalized at Brunswick, Georgia. While there he suffered a heart attack and it appears that while so hospitalized he prepared a paper of his own draftsmanship in the nature of a will. Such will, if it existed, was not produced. Testator did not proceed to the hospital in North Carolina but returned to Florida. Shortly thereafter he was admitted to a hospital at Bunnell, Florida, for medical treatment and while there executed the subject will on July 11, 1956. He returned to his home for a while and was later hospitalized at Palatka, Florida, until his death on August 27, 1956.
The brother's deposition reflects that the testator, upon leaving the hospital at Brunswick, informed his brother that he wanted his help in having a will prepared, stating, "That thing that I made in the hospital isn't worth the paper it is written on." Shortly after the brother, W.E. Knight, returned with the testator from Brunswick to testator's home at Flagler Beach, Florida, and prior to the time testator was admitted to the hospital at Bunnell, the testator informed him of his wishes as to the content of his proposed will. Testator's wife was present at that time. The brother then consulted a firm of attorneys, gave them the instructions for the preparation of the will, received the draft thereof and kept it in his possession until it was presented to the testator at the hospital, assisted in procuring the formal witnesses to the will, was present when it was executed, then received it from the testator and kept it in his possession until it was presented for probate. Testator's wife also assisted in procuring the witnesses and was present when it was executed.
Testator's wife and brother are the principal beneficiaries under the will. Elissa Aileen Cowart, testator's stepdaughter, and his son, the appellant, are minor beneficiaries. The proofs before the probate court on the motion for summary judgment further show that testator's brother W.E. Knight was and for a number of years had been engaged with the testator in substantial business enterprises, and that some of these enterprises were interwoven with the bequests made to W.E. Knight under the will. It also appears that these enterprises had most if not all of the characteristics of a partnership.
There is not the slightest evidence to the effect that the stepdaughter participated in any manner whatsoever in the events leading up to or in the execution of the will. The activities of the wife as shown by the record do not constitute undue *631 influence. It is generally held that there is no such thing as a confidential relation between the husband and wife in the law governing will contests. Goertner v. Gardiner, 125 Fla. 477, 170 So. 112. The provisions of the will in which they are interested as beneficiaries are separable from those provisions relating to the brother, and the trial court correctly held on the facts presented that the contestant had failed to establish any ground for revocation of the will in its entirety. The burden is on one who contests a will that is duly executed and attested to establish the facts upon which revocation is sought. F.S. § 732.31, F.S.A.; Adams v. Saunders, 139 Fla. 730, 191 So. 312; Wartmann v. Burleson, 139 Fla. 458, 190 So. 789; Gardiner v. Goertner, 110 Fla. 377, 149 So. 186. It follows that the summary judgment should be sustained to the extent that it affects the individual interests of the widow and stepdaughter
It is generally held that where a person occupies a confidential relation with the testator and is active in procuring the preparation or execution of the will, and where he is a substantial beneficiary thereunder, a presumption of undue influence arises, and the burden rests on him to overcome the presumption. Zinnser v. Gregory, Fla., 77 So.2d 611; In re Palmer's Estate, Fla., 48 So.2d 732; In re Aldrich's Estate, 148 Fla. 121, 3 So.2d 856.
It is not necessary to labor at greater length the facts in the case on appeal clearly showing the confidential relation between the testator and his brother, and the activity of the latter in the preparation and execution of the will. It does not necessarily follow that he exercised undue influence, but a summary judgment cannot be entered in favor of one who has the burden of overcoming the presumption of undue influence for such proceeding does not afford the contesting party the right of cross-examination and an opportunity to present rebuttal testimony. The summary judgment is in error to the extent that it affects the interest of W.E. Knight, individually.
We do not undertake to suggest the disposition to be made by the probate court in the light of such evidence as may be formally presented on the question as to whether W.E. Knight did or did not exercise undue influence in the premises, which matter is solely within the purview of that court. Neither do we undertake to prejudge the disposition that should be made by the probate court on the question, if it should arise from the evidence and future pleadings, as to whether the will is so permeated by undue influence or fraud upon the court as to require that it should be set aside in its entirety.
After this appeal was entered, the appellant filed in this court a "Motion to Enlarge the Record," to which was attached documents purporting to indicate the existence of newly discovered evidence. We denied that motion for the reason that in a proceeding such as this the appellate court is without authority to consider evidence other than that which was presented to the lower court for its consideration. Tyson v. Aikman, 159 Fla. 273, 31 So.2d 272.
For the reasons stated, the summary judgment is reversed to the extent that it affects the interest of W.E. Knight individually and is affirmed to the extent that it affects the interest of Esther Helen Knight and Elissa Aileen Cowart, with directions to proceed as herein indicated.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.

On Petition for Rehearing
PER CURIAM.
We denied appellant's motion filed in this court to enlarge the record on appeal so as to include newly discovered evidence which had not been submitted to or considered by the probate court incident to its determination of the motion for summary *632 judgment, but we preserved to appellant the right to seek other appropriate relief in the premises. Unfortunate choice of language in our order made it susceptible to the interpretation that the probate court might enter an order enlarging the record on appeal in that particular and so activate consideration by this court of such newly discovered evidence, and an order to that effect was entered by the probate court. Such, however, was not our purpose and the order of the probate court did not have that effect. Hence we did not take the alleged newly-discovered evidence into account in passing on the propriety of the summary judgment forming the subject of this appeal.
The observation of the main opinion to the effect that it is not to be construed as indicating the disposition that should be made by the probate court on the question of whether the will is so permeated by undue influence or fraud as to require that it should be set aside in its entirety is predicated on the assumption that such an issue might be developed upon additional pleadings and proofs in an assault upon that part of the summary judgment which we have affirmed, that is to say: The attempted enlargement of the record on the appeal presents a situation which, if properly pleaded and established in the probate court, might result in action of that court setting aside the summary judgment in its entirety. We undertook to make it clear that should such a contingency arise, our conclusions should not be construed as indicating the course the probate court should follow in deciding the questions of fact that would then govern the subject of the final disposition to be made in respect to the over-all assault on the will.
Summarizing our decision: The will in question stands sustained in all of its phases and against all pending assaults except as to those provisions affecting the purported beneficiary W.E. Knight, the validity of which remain to be determined by the probate court upon such proofs as may be presented; that in order to further assault the summary judgment in favor of testator's widow and stepdaughter, appropriate proceedings must be had, by way of pleadings and proofs, presenting an issue which, if established, would warrant the trial court in setting aside the summary judgment in favor of these parties.
Rehearing is denied.
STURGIS, C.J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.