## SAFFER v. SAFFER.
### No. 60-1552-E.

Circuit Court, Duval County.
July 28, 1960.

Floyd G. Yeager, Jacksonville, for plaintiff.

Charles Miller, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

By his complaint herein, filed May 3, 1960, plaintiff, James Saffer, alleges that he and defendant, Alice Saffer, were married September 8, 1934, and separated on March 14, 1958; that he filed a suit for divorce against the defendant in division A of this court on April 1, 1958, which was dismissed by order of court on February 23, 1960; that in the prior suit there had been an order on the faculties authorizing the defendant-wife to collect all rents, monies and other income or profits from the properties jointly owned by the parties, and that plaintiff was given the right of occupancy of one of the duplex apartments at 449 East 3rd St., Jacksonville; that plaintiff is ignorant, a foreign-born immigrant, illiterate, uneducated and unable to read or write any language; that the defendant is of superior education and ability and can speak, read and write in both her native tongue and in English; that during the period of the marriage, the parties accumulated certain properties, but that the defendant, by her overreaching conduct and fraud in dealing with plaintiff and such property, has acquired title to said property, which is and should be declared either plaintiff's sole property or at least jointly owned by the

parties; that plaintiff is entitled to and prays for an accounting of the rents and profits from such property, a declaratory judgment fixing the rights of the parties in the disputed property, and for general relief.

On May 20, 1960, defendant answered plaintiff's complaint and denied the material allegations thereof, and denied any improper conduct on her part in the acquisition of the various properties now standing in her name. Thereafter, by order of this court of July 15, 1960, this cause was set for final hearing on July 28, 1960.

Upon review of the file herein, in preparation for the final hearing, this court has discovered that the issues raised by the pleadings in this cause are the same issues raised in the prior suit between the same parties, the only difference being that the complaint in the prior suit also prays for a final decree of divorce, and that the prior suit has been dismissed "with prejudice". This court can and must take judicial notice of its own proceedings and prior judgments and decrees, and having done so, finds that the complaint herein shows on its face a final adjudication of the issues herein, and if such adjudication is res judicata, this court can and should dismiss this cause even though this defense is not specifically pleaded. See Cohen v. Cohen, 70 So. 2d 362, also Caldwell v. Massachusetts Bonding & Insurance Co., 29 So. 2d 694, at page 696; for authority that a former recovery may be shown in evidence, under a plea of the general issue, as well as pleaded in bar, see Little v. Barlow, 20 So. 240.

At this point, it would be well to review the pleadings in the prior proceedings before division A of this court. In his complaint in that suit plaintiff alleged the marriage and separation of the parties on March 14, 1958, the grounds of extreme cruelty, defendant's greed for money, her treating of "jointly" owned property as her own, her unconscionable manipulations by which she effectively deprived plaintiff of his fair share of the income of such "jointly" owned properties, his economic enslavement and finally the necessity for his separation and present dependence on relatives; by his prayers, plaintiff asked for a divorce, a determination of the property rights of the parties, and an equitable division of the properties described in the complaint, and for "such other and further relief . . . as may seem consonant with equity . . ."

Thereafter, defendant filed her answer and cross-bill for separate maintenance, following which an order on the faculties, above-mentioned, was entered. In due course, plaintiff answered defendant's cross-bill, and a master was appointed to receive evi-

dence on the merits. The time for taking testimony before the master was twice extended, and as late as May 27, 1959, more than a year after the filing of the complaint, plaintiff was permitted to file an amended complaint by which the original complaint was supplemented by adding paragraphs 7a, 7b, 7c, 7d, 7e, 7f, 7g, 7h, 7i, 10a, 10b, 10c, and 10d, all of which dealt specifically with property transactions and the asserted rights of the plaintiff; with this amendment, plaintiff included a prayer for an accounting of the rents and profits of such property since the date of separation on March 14, 1958. The defendant answered this amendment and thereafter on June 20, 1959, plaintiff filed a second amendment to the complaint, which amended the prior amended paragraph 7h and further elaborated on the greed and shrewd manipulations of the defendant and her "ruthlessness and unconscionableness" in defrauding plaintiff of his property and prayed that certain deeds be voided or plaintiff's interest restored in one-half of such property.

Thereafter, defendant answered this second amended complaint and after several unsuccessful attempts to take testimony before the special master, the trial judge (division A) set aside his order appointing the special master, and set the cause for final hearing before the court. At the final hearing, held on December 22, 1959, the plaintiff began testimony in support of the merits of his complaint but after a few minutes, the following transpired —

Do you feel it would be practicable for you to go back and live with your wife? Would this be possible? — Well, I love her. If she was going to treat me just like man and wife. I don't want no fuss.

If she kept on treating you the way she was could you live with her? — Oh, yes.

You want to go back and live with her? — Just like it was, if she want to treat me good I stay with her, if she don't cuss me.

The Court: You want a divorce?

The Witness: I don't want no divorce, I want settlement of the property, and make a living.

Mr. Japour: It is all right with me, I have done my duty.

The Court: He said he doesn't want a divorce.

Mr. Japour: You told the judge you didn't want a divorce, so . . .

The Court: All right. Dismiss the cause.

Mr. Japour: All right, your Honor.

(Witness excused.)

(And the hearing was thereupon adjourned.)

Thereafter, on February 23, 1960, the court entered the following order — "This cause having come on to be heard upon the merits thereof before the court on the 22nd day of December, 1959, and the plaintiff and his attorney being before the court and the plaintiff having testified that said plaintiff did not wish a divorce of or from the defendant in said cause and the court being advised in the premises, it is thereupon in consideration thereof *Ordered, Adjudged and Decreed* that this cause be and the same is hereby dismissed with prejudice as against the plaintiff and the defendant."

From the foregoing, it clearly appears to this court that all of the elements necessary to support a dismissal of this cause under the theory of res judicata are present. The parties are the same; in fact, occupy the same relative positions as plaintiff and defendant. The proceedings were in a court of competent jurisdiction, in fact, the same court. The issues made by the pleadings in the prior suit included, in addition to a prayer for divorce, relief by way of an accounting, a declaration fixing the rights of the parties in the disputed properties, and for general relief, and under the allegations of the prior complaint, relief could have been granted upon an adjudication of the merits of plaintiff's complaint or defendant's cross-bill. Although the hearing was not completed, the prior cause was dismissed "with prejudice" as to both parties. Even if the plaintiff did want to abandon his prayer for a divorce in the prior suit, the allegations of defendant's counterclaim, as well as the other allegations of the plaintiff's complaint as amended, still stated a cause of action over which this court had jurisdiction to grant appropriate relief. In fact, the remaining allegations of plaintiff's complaint as amended stated the same cause of action now asserted in these proceedings.

The decisions of the appellate courts of this state clearly show that where issues have been either tried and determined, or opportunity for such trial afforded, the doctrine of res judicata will be applied to all of such issues in order that there may be an end to litigation. See Mattair v. Card, 19 Fla. 455; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Caldwell v. Massachusetts Bonding & Insurance Co., supra; and Cohen v. Cohen, supra. And this was so even before the 1954 rules of civil procedure. However, under rule 1.35, of the 1954 rules of civil procedure, even greater force has been given to the policy of terminating litigation in one proceeding. See Hinchee v. Fisher, 93 So. 2d 351. Although it may be argued in this case that the dismissal of the prior suit was a dismissal only of the cause of action for divorce, and was not "an

adjudication on the merits" of the other issues made by the pleadings, such argument is of no avail because the dismissal must have been either upon the merits or pursuant to rule 1.35 (a) (2), "by order of court", which order in this case did specifically provide "with prejudice". Furthermore, under the provisions of rule 1.35 (b), ". . . any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits . . .".

An "adjudication upon the merits" pursuant to said rule or one in fact, has the effect of establishing a "final judgment" for the purposes of appeal and will supply a foundation for the application of the doctrine of res judicata. Thus, the dismissal of the prior suit by division A of this court was a "final judgment", reviewable only by appeal. See Hinchee v. Fisher, supra. Since the prior judgment of this court in case no. 98247-E has not been set aside on appeal or vacated, the doctrine of res judicata applies to prevent another action (this action) upon the same matter. And this would be so even if the court had abused its powers or was in error in the entry of the order of dismissal with prejudice. See Tyson v. Aikman, 31 So. 2d 272, and Malone v. Meres, 109 So. 677. Also, the presumption is, where a bill is dismissed upon the hearing, that there was a final determination of the cause and therefore that no new action can be brought. See Tyson v. Aikman, supra.

The law seems to be clear that in equity a husband or wife may sue the other, not only for divorce or separate maintenance, but also on matters concerning separate property and for many purposes, such as, for example, to prevent fraud, to recover property obtained by one from the other by fraud, to relieve from coercion, to enforce trusts, to determine rights as to property, to determine whether certain property is the separate property of the wife or of the husband, or to compel an accounting, in which cases equity disregards the unity of the spouses. See 27 Am. Jur. 185, §585, Husband and Wife. The prior suit for divorce which was dismissed included such a cause of action and since it could have been maintained and disposed of after final hearing independent of the cause of action for divorce, it cannot now be maintained, under the doctrine of res judicata, in this separate and subsequent proceeding. On the issues raised in the suit now before this court, the plaintiff has had his day in court and his opportunity to obtain the relief sought was lost when the prior suit was dismissed "with prejudice" as to plaintiff and defendant, and no appeal taken from that order of dismissal.

Accordingly, it is ordered, adjudged and decreed that the allegations of the amended complaint herein are res judicata and have been decided and settled in the previous action, and all matters and things contained in said amended complaint have been adjudicated in the prior suit filed by the same plaintiff herein against the same defendant herein in chancery case no. 98247, lately pending in this court, the order by which said cause was dismissed recorded in chancery order book 525, at page 66, of the records of this court.