PER CURIAM.
The plaintiff, S & S Air Conditioning Company, appeals an order which dismissed the appellees, Edwin A. Cantor and Leo Masin, from the cause and discharged the claim of lien which it sought to enforce against Edwin A. Cantor and Leo Masin as owners of certain property. The motion upon which the judgment was based stated that the complaint failed to state a cause of action because the complaint showed on its face that the plaintiff had failed to comply with the provisions of Fla.Stat. § 713.18, in that it alleged service of the statutory notice required upon one Arthur Davis who was not a proper party upon whom the notice should have been served. We hold that the court erroneously dismissed the defendants Cantor and Masin from the complaint and that its order discharging the lien was premature. See Tyson v. Aikman, 1947, 159 Fla. 273, 31 So.2d 272 and RCP 1.420(b).
In Continental Home Parks, Inc. v. Golden Triangle Asphalt Paving Co., Fla. App.1974, 291 So.2d 49, the court fully discussed Fla.Stat. § 713.18 as to methods of service of the statutory notice. The allegations of the complaint are such that they do not clearly show service under any of the methods provided. Nevertheless, they do not preclude the fact that service may have been proper under one or more of the sections if additional facts had been given. In addition, we feel that it should be pointed out that appellant may be able to allege other matters, such as a waiver of service *423 which would affect the requirement for service, We hold that plaintiff must be given an opportunity to amend his complaint to allege valid service before his complaint is dismissed for failure to follow the statute. See Bryant v. Small, Fla. App.1973, 271 So.2d 808.
Reversed and remanded for further proceedings.