402 So.2d 471 (1981)
Sarah TARSAGIAN, Individually and As Personal Representative of the Estate of Andrew Tarsagian, Deceased, Appellant,
v.
Flora WATT and Mary Pagel, Appellees.
No. 80-1839.
District Court of Appeal of Florida, Third District.
July 28, 1981.
Rehearing Denied September 9, 1981.
Yates & Fann and William F. Fann, Jr., Miami Shores, for appellant.
Pilafian & Schaffer and Melvin Schaffer, Miami, for appellees.
Before HUBBART, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Flora Watt and Mary Pagel, the children of Andrew Tarsagian, the decedent, sued to annul the nearly two-year-old marriage of their octogenarian father to Sarah Tarsagian and to revoke the probate of his will leaving his modest estate to Sarah. The trial court entered final judgment (a) refusing to annul the marriage because the presumption of the validity of the marriage had not been overcome, and (b) revoking probate of the will finding that it was procured by undue influence exerted by Sarah. The children appeal the former ruling; the wife, the latter.
*472 We affirm that part of the trial court's judgment leaving the marriage intact. We reverse that part of the judgment revoking probate of the will.
The trial court found that Sarah's explanation of her minimal activity in procuring the contested will overcame the presumption that Andrew's will was a result of her undue influence. See In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971).[1] But, as it may do, see In re Estate of Carpenter, supra, the trial court found that undue influence was proved by the greater weight of the evidence and without regard to the presumption. In our view, that finding is unsupported by the evidence, which, to the contrary, overwhelmingly establishes that Andrew was not unduly influenced in the making of his will.
Sarah and Andrew met in 1969, and in 1972, after the death of Andrew's first wife, Andrew moved into Sarah's home. Andrew was then 77, Sarah 62. They lived together until they were married in 1977. During their years together, Andrew was ill; and Sarah, who during her working years was a registered nurse, cared for him. In early 1977, Andrew was seriously injured in an automobile accident. During his stay in the hospital, it was determined that he suffered from leukemia. A month after his discharge from the hospital, he and Sarah married. Shortly after their marriage, Andrew made the will sought to be set aside in this case. Andrew died nearly two years later.
Sarah's sole activities in connection with the will were to accompany Andrew to the office of a lawyer, whom she had once met, but with whom she had no prior relationship; to sit in the waiting room while Andrew consulted with the lawyer; and after the will was executed, to place it in her safe deposit box, which, in light of the fact that Andrew did not maintain a box, was used by both. The evidence clearly established that she had played absolutely no role in the conduct of Andrew's financial affairs during their years together.
Courts are not free to treat lightly a testator's intent merely because he has entered into a December marriage and has chosen to leave his last companion his worldly goods. It is his money and his goods to do with as he chooses, see Lilly v. Hutchins, 355 So.2d 212 (Fla. 2d DCA 1978), and unless the evidence shows that he has been precluded from freely exercising that choice, his wishes are to be respected. Merely because his choice happens to be to bestow his estate upon a second wife, perhaps to the natural disappointment of his children by a first and much longer marriage, does not mean that that choice was not freely made. The evidence in the present case is glaringly insufficient to support the trial court's conclusion that Andrew's will was procured by undue influence. Compare Hoffman v. Kohns, 385 So.2d 1064 (Fla. 2d DCA 1980).
*473 The trial court's order revoking the probate of Andrew's will is reversed.
Affirmed in part; reversed in part.
NOTES
[1] This finding makes it unnecessary for us to consider whether the presumption of undue influence said to arise when "a substantial beneficiary under a will occupies a confidential relationship with the testator and is active in procuring the contested will," see In re Estate of Carpenter, supra, at 701, was properly invoked. The holding of Goertner v. Gardiner, 125 Fla. 477, 170 So. 112, reh. den., 126 Fla. 412, 170 So. 844 (1936), that the confidential relationship which exists between a husband and wife is not one which may be considered in the law governing will contests, accord, In re Estate of Knight, 108 So.2d 629 (Fla. 1st DCA 1959), is, in our view, still extant. Since a confidential relationship is one necessary requirement which must be met before a presumption of undue influence arises, under Goertner the presumption cannot arise in the case of a husband and wife. Were the confidential relationship between spouses not exempted from that presumption of undue influence rule, the presumption would arise in nearly every case in which the spouse is a substantial beneficiary, since the required active procurement would almost always be present. One would naturally expect to find a spouse to be present at the execution of the will, present when the testator expresses a desire to make a will, knowledgeable about the contents of the will prior to its execution, involved in its safekeeping, and perhaps even involved in the recommendation of an attorney-preparer and consultation with an attorney-preparer. These, of course, are among the criteria for determining if one is engaged in active procurement. See In re Estate of Carpenter, supra.