444 So.2d 1024 (1984)
David E. LEHR, Will Contestant, Zoona E. Doughman, Individually and As Personal Representative of the Estate of John Shoop, Alfred J. Shoop, Individually, and the Estate of John Shoop, by Its Personal Representative, Will Contestants, Appellants,
v.
Wayne A. BISHOP and Ray B. Cheatwood, Jr., Appellees.
Nos. 83-824, 83-840.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied February 24, 1984.
*1025 Cristol, Mishan & Sloto and Julie Feigeles and Steven Mishan, Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Douglas J. Chumbley and R. Benjamin Reid, Miami, for appellants.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is a consolidated appeal by the contestants below from an adverse ruling of the Circuit Court of Dade County, Florida, Probate and Guardianship Division, arising out of proceedings for the probate of the will of Eugene K. Shoop, deceased.
The trial court's order and judgment under appeal provides, as follows:
THE ABOVE CAUSE came on for trial upon a petition to probate a will of the above named decedent [Eugene K. Shoop] and the answers and objections to such petition filed by beneficiaries of earlier wills. One of the beneficiaries of the will in question is also an objector since he would benefit more from one of the prior wills. The answers of the various objectors also include counterpetitions for probate of other wills, which were not the subject of this trial. In order to simplify the position of the parties to this trial the Court will refer to "proponents" and "contestants."
The will in question, executed on February 27, 1982, was the last of several wills executed by the decedent during his lifetime. The proponents of the will in question are Wayne A. Bishop and Ray B. Cheatwood, Jr., personal representatives and principal beneficiaries named in the will. Contestants are David E. Lehr, Zoona E. Doughman and Alfred Shoop.
In addition to general denials of allegations of fact to petition for administration, the contestants have specifically and affirmatively alleged:
1. That decedent did not possess the mental capacity to execute a will on February 27, 1982, and was not mentally competent to understand the nature and extent of his estate, the natural objects of his bounty; [sic]
2. That the will was executed as a result of the undue influence of Wayne A. Bishop or Ray B. Cheatwood, Jr., or both, upon the decedent; that both Bishop and Cheatwood stood in a fiduciary relationship with the decedent and were major beneficiaries and that Cheatwood was active in the procurement of the will of the decedent.
At the commencement of the trial, Louis Schwarzkopf, the attorney who drew the will, and his son Robert L. Schwarzkopf, who was a witness to the will, testified as to the execution of the will, which was then admitted into evidence, and proponents rested. The contestants then called several witnesses to the stand and eventually rested. At that point proponents moved for a verdict on the defense of undue influence which the Court denied.
Thereupon the proponents presented additional testimony, followed by additional testimony on behalf of contestants.
The Court heard final argument by all parties and took the matter under advisement for the reading of two depositions and a consideration of all of the exhibits and testimony.
The questions of fact in the trial of this cause have been very difficult to decide and resolve. Almost all of the testimony relevant to the main issues was by parties interested on one side or the other. There is some evidence that Ray Cheatwood, Jr., was at least somewhat active in the procurement of the will. At the conclusion of the contestants' case upon motion by proponents for a verdict on the question of undue influence this Court ruled that contestants had successfully raised a presumption of undue influence. In retrospect this Court might have ruled somewhat precipitously *1026 without encouraging argument from proponents on that question. At any rate, the evidence produced in contestants' case barely raised such a presumption.
In the opinion of the Court, the contestants have not proved by the preponderance of the evidence that the will was procured by undue influence. The facts as found by this Court in this case are not nearly as strong in favor of a finding of undue influence as those facts found in Florida's leading case of In Re: Estate of Carpenter, 253 So.2d 697 [Fla. 1971]. It does not clearly appear to this Court that the free use and exercise of the testator's sound mind in executing his will was in fact prevented by deception, undue influence or other means.
The findings of the Court are as follows:
A. That the will of EUGENE K. SHOOP, dated February 27, 1982, admitted in evidence as petitioner's Exhibit 1. was executed properly in accordance with the law.
B. That EUGENE K. SHOOP possessed testamentary capacity to execute the will on February 27, 1982; and was mentally competent to understand the nature and extent of his estate, the natural objects of his bounty and the effect of the purported will.
C. That WAYNE A. BISHOP was not standing in a fiduciary relationship with the decedent at the time of the execution of the will, nor prior to that time, and was not active in the procurement of the will of the decedent.
D. That RAY B. CHEATWOOD, JR., was a person standing in a fiduciary relationship with the decedent at the time of the execution of the will and prior thereto.
E. That the execution of said will of February 27, 1983, [sic] was not procured by undue influence of WAYNE A. BISHOP or RAY CHEATWOOD, JR.; Wherefore, it is
ORDERED AND ADJUDGED as follows:
1. That the aforesaid will bearing the date of February 27, 1982, petitioner's Exhibit I herein, shall be, and is, admitted to probate as and for the last will of the decedent;
2. That WAYNE A. BISHOP and RAY B. CHEATWOOD, JR., are appointed personal representatives of the estate of the decedent, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $20,000.00, letters of administration shall be issued.
* * *
Appellants' points on appeal are (1) that the trial court erred in finding that Wayne Bishop was not in a fiduciary or confidential relationship with the testator and (2) that a presumption of undue influence was raised by the contestants and the presumption was not rebutted by the proponents.
We have carefully considered the points on appeal in the light of the record, briefs and argument of counsel and have concluded that the trial judge's order and judgment are fully supported by the facts and the controlling principles of law. See Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Laufer v. Norman Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982); Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980); In Re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978). No reversible error having been demonstrated, the order and judgment appealed are affirmed.
Affirmed.