COWART, Judge.
This case involves a dismissal of a mate-rialman’s action to foreclose a mechanic’s lien for failure to state a cause of action by not properly alleging delivery of a claim of lien[1] to the lessee of certain realty.
Superior Aircraft Hangars, the lessee of certain real property, contracted for improvements to be made to the leased property. A materialman (Inland Materials) furnished concrete and steel to the contractor. The materialman filed a complaint to foreclose a mechanic’s lien upon the lessee’s leasehold interest. The complaint alleged that the materialman had served a copy of its claim of lien on the lessee by certified mail, return receipt requested.
At trial when the materialman offered the certified mail return receipt card to prove that the claim of lien was delivered, the lessee objected on the basis that such evidence was outside the scope of the pleadings. The lessee claimed the complaint was insufficient because it did not allege that the lessee received the claim of lien as required by section 713.18, Florida Statutes.[2] The court agreed and held that since the complaint did not allege that the claim of lien was delivered the return receipt card could not be admitted into evidence. Finding that the receipt of the claim of lien was an essential element of the materialman’s cause of action, the court dismissed the action after denying the materialman’s oral motion to amend the complaint to allege receipt of the claim of lien. The court entered final judgment against the materialman. The materialman appeals. We reverse.
The general rule in Florida is that as to amendments to pleadings, a court abuses its discretion if it does not allow a party to amend its pleadings unless that party has abused the amendment privilege or it appears that a deficiency cannot be cured. See McNayr v. Cranbrook Investments, Inc., 158 So.2d 129 (Fla.1963); Tucker v. Brennan, 458 So.2d 367 (Fla. 2d DCA 1984); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984); Dingess v. Florida Aircraft Sales and Leasing, Inc., 442 So.2d 431 (Fla. 5th DCA 1983); Winfield v. Noe, 426 So.2d 1148 (Fla. 3d DCA 1983); Affordable Homes, Inc. v. Devil’s Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982); Anthony v. Jacksonville Transportation Authority, 383 So.2d 650 (Fla. 1st DCA 1980); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980); Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978). See also Hardee v. Richardson, 47 So.2d 520 (Fla.1950); S & S Air Conditioning Company v. Cantor, 313 So.2d 422 (Fla. 3d DCA 1975) (as to mechanic’s liens).
In this case the lessee did not move to dismiss the complaint for failure to state a cause of action by failing to allege delivery of the claim of lien. There is no genuine issue as to the fact that the claim of lien was delivered and that the material-man can prove that fact. Even if the allegations of the complaint were insufficient, a point we need not decide, the material-man’s oral motion during trial to amend its complaint to allege delivery of the claim of lien constituted a reasonable request and should have been granted. The lessee’s objection to the proposed amendment was *1322 technical and did not demonstrate legal prejudice. As the amendment was deemed necessary by the trial court to meet the statutory prerequisite, the trial court erred by not allowing the amendment and by not admitting the tendered proof and by dismissing the action.
REVERSED AND REMANDED.
ORFINGER, J., concurs.
COBB, C.J., concurs specially with opinion.

. See generally §§ 713.01-713.37, Fla.Stat. (mechanic’s liens), and especially § 713.08(l)(c), Fla.Stat. (claim of lien).

. Section 713.18(l)(c), Florida Statutes, reads as follows: "Services of notices, claims of lien, affidavits, assignments and any instruments permitted or required hereunder, or copies thereof when so permitted or required, unless otherwise specifically provided in this part I, shall be made by one of the following methods: ... by mailing the same, postage prepaid, by registered or certified mail to the person to be served at his last known address and evidence of delivery."