468 So.2d 320 (1985)
Harold BLITS and Rose Judith Blits Levine, Appellants,
v.
Hannah BLITS, Appellee.
Nos. 84-1971, 84-2030.
District Court of Appeal of Florida, Third District.
April 9, 1985.
As Corrected on Denial of Rehearing May 9, 1985.
*321 Breger & Breger and Eli Breger, for Harold Blits; Sidney Advocate (Hallandale), for Rose Judith Blits Levine.
Harry Zukernick, and Wilbur Silverman, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Appellants, the son and daughter of the decedent, seek review of an order denying their petition for revocation of the decedent's will.
The decedent executed a will on August 22, 1980, leaving his entire estate to his wife, the appellee herein. The will revoked a prior will which had left a substantial amount to the decedent's son. Both the son and the daughter were the decedent's children from a former marriage.
The appellants petitioned to revoke the will on grounds that the decedent lacked testamentary capacity, that the will was not executed in compliance with the formalities required by Florida law, and that the decedent's wife had unduly influenced the decedent. The trial court granted summary judgment for the wife on the latter two grounds. The issue of testamentary capacity proceeded to trial, and was also resolved in favor of the wife. We affirm in part and reverse in part.
The trial court, after a full hearing, found that the testator "was of sound mind and possessed testamentary capacity on August 22, 1980, at the time of the execution of the will offered for probate." The judgment of the court on this issue will not be disturbed as it is supported by competent, substantial evidence. See Lehr v. Bishop, 444 So.2d 1024 (Fla. 3d DCA), rev. denied, 453 So.2d 43 (Fla.), rev. denied, 453 So.2d 45 (Fla. 1984); In re Estate of Hammermann, 387 So.2d 409 (Fla. 4th DCA 1980); In re Estate of Burkhart, 204 So.2d 737 (Fla. 2d DCA 1967).
We also affirm the entry of summary judgment on the issue of proper execution. In support of her motion for summary judgment, the wife filed an affidavit by the attorney who drew up the decedent's will and who was present at the time of its execution. The attorney averred that the will was executed in compliance with Florida law. That evidence was sufficient to establish a prima facie case of formal execution, and the burden then shifted to appellants to present proof of facts constituting grounds for revocation. See In re Estate of Richmond, 298 So.2d 549, 550 (Fla. 2d DCA 1974). Further, the will was self-proved pursuant to section 732.503, Florida Statutes (1983), which rendered it admissible to probate even without the testimony of the attesting witnesses. See Fenn and Koren, The 1974 Florida Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 1, 19 (1974); see also In re Estate of Kavcic, 341 So.2d 278 (Fla. 1st DCA 1977). The affidavits submitted by appellants indicating that the witnesses were subsequently without a clear recollection of the events surrounding the execution of the will did not create a genuine issue of material fact.
We reach a different result as to the summary judgment entered on the issue of undue influence. The affidavit of the testator's son, in which he swore that his stepmother threatened to put his father in a nursing home unless the decedent made her the sole beneficiary under the will, raised a genuine issue of material fact and precluded a summary disposition on that question. We reject appellee's argument that undue influence, in this context, requires a confidential relationship. While the existence of a confidential relationship will often create a presumption of undue influence where the other person is active in procuring the preparation or execution *322 of the will, In re Palmer's Estate, 48 So.2d 732 (Fla. 1950), it is generally held that there is no such thing as a confidential relationship between a husband and wife in the law governing a will contest. Goertner v. Gardiner, 125 Fla. 477, 170 So. 112 (Fla. 1936); In re Estate of Knight, 108 So.2d 629 (Fla. 1st DCA 1959). This does not mean, however, that a trial court may not find that undue influence is proved by the greater weight of the evidence without regard to the presumption. Tarsagian v. Watt, 402 So.2d 471 (Fla. 3d DCA 1981). On remand, the appellants may attempt to prove undue influence without the benefit of any such presumption.
Affirmed in part, reversed in part, and remanded.