BASKIN, Judge
(specially concurring).
I concur in the majority result, but on different grounds: in my opinion the presumption of undue influence never arose. The trial court ruled that the material allegations challenging the will were unfounded and unproved. Those challenges assert that the will was the product of undue influence by the substantial beneficiary.
A presumption of undue influence arises when a substantial beneficiary under a will occupies a confidential relationship with the testator and actively procures the contested will. In re Estate of Carpenter, 253 So.2d 697 (Fla.1971); Allen v. Gore, 387 So.2d 535 (Fla. 4th DCA 1980), review denied, 392 So.2d 1371 (Fla.1981). The Carpenter test requires findings of both a *50 confidential relationship and active procurement of the will by the beneficiary.
In Carpenter, the supreme court recognized that “each case involving active procurement must be decided with reference to its particular facts.” Carpenter, 253 So.2d at 702. Thus, it is from the totality of the circumstances surrounding the making of the will that courts determine whether active procurement occurred.
The record before us discloses that the testator, and not the charity, requested preparation of the will. Black’s Law Dictionary defines “procure” as:
Procure. To initiate a proceeding; to cause a thing to be done; to instigate; to contrive, bring about, effect, or cause. To persuade, induce, prevail upon, or cause a person to do something.... Procure connotes action and means to cause, acquire, gain, get, obtain, bring about, cause to be done.
Black’s Law Dictionary 1087 (5th ed. 1979) [citations omitted]. There is no evidence in this case that the charity in any way “caused” or “brought about” the making of the will. On the contrary, the evidence reveals no contact between the charity and the decedent prior to the making of the will. Although it is true that the beneficiary was present at the execution of the will, furnished the attorney, secured the witnesses, and kept the will subsequent to its execution, none of these factors “caused” the testator’s decision to name the charity as beneficiary. There is no evidence to establish that the testator approached the charity other than of his own volition. The charity followed its customary practice under the circumstances. The evidence, therefore, is insufficient to support a finding of active procurement.
Other evidence supports the trial court’s ruling that no undue influence occurred. Although the testator did not die until seven years after he executed the will, he made no attempt to change the will. See In re Estate of McCaslin, 222 Or. 599, 352 P.2d 1111 (1960). The trial court found:
THE COURT: [T]here is a period of time of approximately seven years here that Mr. Gordon could have made out another will if there had been any evidence of undue influence, and based on the testimony that I have heard, none of these people that belong to the Jewish National Fund have any other knowledge of this gentleman, either before or after-wards, and so it just doesn’t look like there was any undue influence over him to prevent him from changing his will. If they wanted to continue to exert influence on him, they would have done so over the years. There is no evidence that they exerted any influence on him before or after the execution of the will, and ... he could have changed his will at any time after he executed it in 1975 until the date of his death. There is not even any indication that the man was incompetent, declared to be mentally incompetent preceding his death, so he is presumed to have been competent up until his death. And for all the reasons that Mr. Newman has indicated, I don’t see that there was that undue influence, that confidential relationship that resulted in the undue influence.
Thus, I agree with the trial court that the facts did not give rise to a presumption of undue influence. It is the trial court which determines whether undue influence has occurred; Cripe v. Atlantic First National Bank, 422 So.2d 820 (Fla.1982); its determination will not be disturbed on appeal if supported by evidence. See Lehr v. Bishop, 444 So.2d 1024 (Fla. 3d DCA), review denied sub nom. Doughman v. Bishop, 453 So.2d 43 (Fla.), review denied sub nom. In re Estate of Shoop, 453 So.2d 45 (Fla.1984); Allen. Accordingly, I do not reach the question whether such a presumption was dispelled.