STRINGER, Judge.
Following the death of Walter William Flohl (Mr. Flohl), appellee George Flohl, the decedent’s son, commenced this action by filing a petition for the appointment of a curator. Immediately thereafter, appellant Virginia Greenwood filed her petition for administration, offering for probate the decedent’s Last Will and Testament. The trial court admitted the will to probate and appointed Mrs. Greenwood as personal representative of Mr. Flohl’s estate, over the son’s objection. The son petitioned to remove Mrs. Greenwood as personal representative and to revoke probate of his father’s will on the ground that Mrs. Greenwood had exercised undue influence over the decedent in procuring the will. On appeal, Mrs. Greenwood challenges the trial court’s order which grants the son’s petitions. Because the record fails to support the trial court’s findings of undue influence, we reverse.
Mr. Flohl and Mrs. Greenwood met when Mr. Flohl, a mechanic, helped Mrs. Greenwood with some car problems. Over time, a relationship developed between them and, eventually, Mrs. Greenwood moved into Mr. Flohl’s residence. At the time, Mr. Flohl was 80 years old and Mrs. Greenwood was 75 years old. Mr. Flohl enjoyed good health, and in fact, worked as a mechanic until the year before he died at 88 years of age.
In September 1997, while driving to the lawyer’s office, Mr. Flohl advised Mrs. Greenwood that he planned to make a new will. Mrs. Greenwood claimed that she and Mr. Flohl had not previously discussed his intention to do so. Mr. Flohl instructed his lawyer to name Mrs. Greenwood as the primary beneficiary and personal representative of his will. In the final draft of the will, Mr. Flohl’s son received nothing. Mr. Flohl executed the will in the presence of the lawyer and two of the lawyer’s employees. The lawyer retained the original will. The lawyer also prepared a will for Mrs. Greenwood, who left her entire estate to Mr. Flohl. Mrs. Greenwood’s estate had a value of approximately three times that of Mr. Flohl’s estate.
The lawyer testified at trial that he had been practicing law for 19 years and prepared an average of 300 to 350 wills per year. He had experience with clients whom he felt had a cognitive impairment. It was his opinion that Mr. Flohl had no such impairment. The lawyer felt that Mr. Flohl “had total grasp of what he was doing. He knew what he wanted to do.”
The son presented witnesses, Harold and Martha Dietrichson, who had been friends of Mr. Flohl and his late wife for many years. They testified by videotape that they felt Mr. Flohl had withdrawn from their company and was not himself in the years after he met Mrs. Greenwood. They felt that he had wronged his son by leaving him out of his will. Likewise, Earl Miller, another friend of the family, was of the opinion that Mr. Flohl should have left his estate to his son.
The rule of law in this state is that, once the party offering a will for probate has proved the formal execution and attestation of the will, the burden of proof shifts to the person challenging the will to prove facts sufficient to justify revocation of probate. See § 733.107, Fla. Stat. (1997); Estate of Brock, 692 So.2d 907 (Fla. 1st DCA 1996). Here, the lawyer who prepared Mr. Flohl’s will testified that it was duly executed, witnessed, and notarized on October 27, 1997. Mrs. Greenwood offered the will into evidence, and it was accepted without objection. Thus, the burden shifted to the son to prove by the greater weight of evidence that the will should be revoked.
In his petition to remove Mrs. Greenwood as personal representative and his petition for revocation of the probate of *804 decedent’s will, the son asserted as grounds for the revocation that Mrs. Greenwood had exercised undue influence over the decedent in procuring the will. In In re Estate of Carpenter, 253 So.2d 697, 701 (Fla.1971), the supreme court set forth the rule regarding the presumption of undue influence: “It is established in Florida that if a substantial beneficiary-under a will occupies a confidential relationship with the testator and is active in procuring the contested will, the presumption of undue influence arises.”
Further, the supreme court suggested several criteria to consider when determining whether active procurement exists. These criteria include: (a) the beneficiary’s presence at the execution of the will; (b) the beneficiary’s presence when the testator expresses a desire to make a will; (c) the beneficiary’s recommendation of an attorney to draw the will; (d) the beneficiary’s knowledge of the contents of the will prior to execution; (e) the beneficiary’s instructions to the attorney on the preparation of the will; (f) whether the beneficiary secured the witnesses to the will; and (g) whether the beneficiary has possession of the will subsequent to execution. See Carpenter, 253 So.2d at 702.
Mrs. Greenwood admits that she shared a confidential relationship with the testator that started many years before the execution of the will. However, Mrs. Greenwood denies that she was active in procuring the will. The record supports this conclusion. The testimony produced at trial regarding procurement was that Mr. Flohl chose the lawyer and made the appointment to revise his will, the lawyer prepared the will at Mr. Flohl’s direction, and the lawyer supplied the witnesses to the will and kept the will in his possession. There is no evidence that Mrs. Greenwood exerted influence over Mr. Flohl or the lawyer in any of these matters. The only evidence presented in opposition to the will was the testimony of witnesses who did not approve of Mrs. Greenwood, who believed that she had turned Mr. Flohl against them, and who felt that Mr. Flohl should not have left his son out of his will. This is insufficient to undermine the validity of the will.
[A] properly executed will should be given effect unless it dearly appears that the free use and exercise of the testator’s sound mind in executing his will was in fact prevented by deception, undue influence, or other means. It has been said that mere suspicion and conjecture cannot constitute a basis on which a will may be declared invalid on the ground of undue influence.
253 So.2d at 704 (citations omitted).
Courts are not free to disregard a testator’s intent merely because he has chosen to leave his last companion his worldly goods to the disappointment of his children. See Tarsagian v. Watt, 402 So.2d 471 (Fla. 3d DCA 1981). Unless the evidence shows that the testator has been precluded from freely exercising his will to dispose of his money and his possessions as he chooses, his wishes must be respected. Id. Because the son has failed to prove that the testator’s intent was not fulfilled, we reverse the trial court’s order, reinstate Mrs. Greenwood as personal representative of Mr. Flohl’s estate and remand for further proceedings.
Reversed.
BLUE, A.C.J., and FULMER, J„ Concur.