# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1141
Lower Tribunal No. 23-4729-CP-02
_____

**Pedro Camacho,**
Appellant,

vs.

**Jennifer Camacho, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose Luis Fernandez, Judge.

Kelley Kronenberg, and Brittany N. Miller and Aislynn Thomas-McDonald; Cuello & Hernandez, and Alexander Hernandez, for appellant.

The Florida Probate & Family Law Firm, and Carling Dilella Freidzon and Samah T. Abukhodeir, for appellees.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

PER CURIAM.

Appellant Pedro Camacho appeals a May 19, 2025 probate court order that revoked the new will (the "2010 Will") executed by his mother Isabel Camacho (the "Decedent"). Appellees are two of the Decedent's grandchildren, Jennifer and Pablo Camacho, who successfully challenged the 2010 Will alleging that its execution did not conform to certain statutory formalities.[1] We affirm.[2]

In the challenged order, the probate court correctly determined that faulty notarization of the Decedent's signature caused the 2010 Will to fail as a self-proving instrument under section 732.503 of the Florida Statutes. Section 732.503 provides the mechanism for making a will (executed in conformity with the requirements of section 732.502) self-proving as of the time of its execution. § 732.503(1), Fla. Stat. (2025). The trial court found that the affidavit accompanying the 2010 Will, purportedly establishing its

---

[1] Appellees also alleged, and the trial court separately found, that the 2010 Will was the product of Appellant's undue influence on the Decedent. Because we affirm the probate court's revocation of the 2010 Will due to improper execution, we need not, and therefore do not, address the probate court's alternate undue influence finding.

[2] We review the probate court's legal conclusions *de novo* and review the trial court's factual findings for competent, substantial evidence. Hannibal v. Navarro, 317 So. 3d 1179, 1181 (Fla. 3d DCA 2021). In the absence of a clear showing of error, our scope of review requires that we accept factual findings so long as they are supported by competent, substantial evidence. Swiss v. Flanagan, 329 So. 3d 199, 202 (Fla. 3d DCA 2021) (citing Estate of Brock v. Brock, 692 So. 2d 907, 913 (Fla. 1st DCA 1996)).

self-authentication, was non-compliant due to several technical violations of the notary statute, section 117.05 of the Florida Statutes. Our *de novo* review of this determination supports the trial court's conclusion in this regard.

Unable to establish the validity of the 2010 Will through statutory self-authentication, the Appellant, as proponent of the 2010 Will, then had the burden of proof to establish, at trial, the 2010 Will's validity. <u>See</u> § 733.107(1), Fla. Stat. (2025) ("In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation."); <u>In re Deane's Estate</u>, 153 So. 2d 26, 28 (Fla. 3d DCA 1963).

To meet this burden, the Appellant relied solely on the testimony of the attorney who prepared the 2010 Will some fifteen years prior to the trial. The record reflects that, with the passage of time, the attorney's memory of the details of the 2010 Will's execution had diminished to an extent that undermined the reliability of his testimony.

As the trier of fact, the probate court was required to make a credibility assessment of this witness. <u>Silva v. Silva</u>, 394 So. 3d 1235, 1239 (Fla. 3d DCA 2024) (recognizing the trial court's responsibility to make witness credibility assessments). It was within the trial court's discretion to outright reject the witness's testimony. <u>Advanzeon Sols., Inc. v. State ex rel. Fla.</u>

3

Dep't of Fin. Servs., 321 So 3d 911, 914 (Fla. 1st DCA 2021) ("This dispute raised issues of witness credibility . . . and weight of evidence[.] . . . [T]he trial court as trier of fact is entitled to reject even uncontradicted testimony."). The probate court did just that.

Given a flawed self-proof affidavit on the 2010 Will and given insufficient testimony of Appellant's sole witness to support due execution of the 2010 Will, the probate court was unable to find evidence of will validity. Consequently, the probate court revoked the 2010 Will. When a will is not self-proved, its proponent must otherwise meet the burden of establishing its formal execution and attestation. Jordan v. Fehr, 902 So. 2d 198, 201 (Fla. 1st DCA 2005); see generally Blits v. Blits, 468 So. 2d 320, 321 (Fla. 3d DCA 1985) (holding that a self-proving will combined with an affidavit by the attorney who drew up the will and was present at the time of its execution was sufficient to establish due execution and overcome the contestants' allegation of testamentary incapacity).

The probate court found that the Appellant did not meet his burden of proof, and therefore, given our deferential standard when competent, substantial evidence exists in the record, we are compelled to affirm.

Affirmed.

4